THOMAS E. DURKIN, PROSECUTOR, v. MEYER C. ELLENSTEIN, MAYOR, ET AL., DEFENDANTS.

Argued May 6, 1941—Decided July 26, 1941.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *Warren Dixon, Jr.*

For the defendants, *James F. X. O'Brien* and *Joseph A. Ward.*

The opinion of the court was delivered by

DONGES, J.  Prosecutor is a policeman of the City of Newark. On December 2d, 1940, he was suspended by the chief of police. In the order of suspension, signed by the chief of police, it was stated: "You will be given an opportunity to be heard before the Director of Public Safety in your own defense, and such hearing will be given you within thirty days from said date of suspension." In this order it was stated that prosecutor was suspended for "Violation of Rule 4, of Discipline—Willful disobedience of orders." On December 7th, 1940, a notice was served on prosecutor in the following language:

"Patrolman Thomas E. Durkin,
Third Precinct.
Sir:

You are hereby required to appear before Hon. John A. Brady, Assistant Supervisor, Department of Public Safety, on Friday, December 13th, 1940, at 2:00 o'clock P. M., in Room 205, City Hall, to answer the enclosed charge.

If you have any witnesses in your behalf bring them with you.

By order of Mayor Meyer C. Ellenstein, through Assistant Supervisor John A. Brady.

(Signed) SAMUEL B. FINKLESTEIN,
Administrative Clerk."

Prosecutor obtained this writ of *certiorari* to review the power of Brady to try him on the charge of willful disobedience of orders.

It is undisputed that the City of Newark is governed by commission; that defendant Meyer C. Ellenstein was mayor; that members of the police department are protected by civil service law; that defendant Brady is a police inspector in the police department, serving as Acting Supervisor of the Department of Public Safety; that defendant Harris is chief of police of the city. It is further undisputed that at the organization meeting of the city commission in May, 1937, Michael P. Duffy was a city commissioner and was

designated Director of the Department of Public Safety; that, at such meeting, the police department was assigned to the Department of Public Safety; that Duffy resigned as a commissioner and Leo Cluesmann was by resolution of the city commissioners appointed as Acting Director of the Department of Public Safety; that subsequently Cluesmann resigned and John B. Keenan was, by resolution of the city commission, appointed as Acting Director; that, on May 13th, 1940, Keenan tendered his resignation but no action was taken thereon; that such resignation was never accepted; that no person has, since the designation of Keenan as Acting Director of the Department of Public Safety, been designated to have charge of the police department.

By the statute (*R. S.* 40:72-4), the powers of the commission are distributed among five departments; the commissioners (*R. S.* 40:72-5) shall determine the powers and duties of each department, and at the first regular meeting after election (*R. S.* 40:72-6) shall designate one commissioner to be director of each of the five major departments. At the organization meeting of the Newark city commission in May, 1937, as above stated, the police department was assigned to the Department of Public Safety. This designation was never changed. It follows, therefore, that all of the administrative, legislative and judicial powers of the police department are in the Department of Public Safety, to be exercised by the person designated to be in charge thereof. *Foley* v. *Orange,* `91 *N. J. L.* 554; *Hewson* v. *Newark,* 95 *Id.* 28; *affirmed, Ibid.* 544; *Sykes* v. *Heinzman,* 100 *Id.* 12; *Rubenstein* v. *Bayonne,* 121 *Id.* 97; *Penn* v. *Collingswood,* 10 *N. J. Mis. R.* 833.

Defendants argue that under *R. S.* 40:72-11 the mayor is given supervision over all departments and that he may exercise all the power and authority of all departments. It has repeatedly been held that the executive, administrative, legislative and judicial powers vested in a department are possessed by the commissioner designated by the commission as director of that department. However, we do not think it necessary to deal with this question. In the instant case, the mayor did not assume jurisdiction to try the prosecutor. The only

notice given to prosecutor was of a hearing before "John A. Brady, Assistant Supervisor, Department of Public Safety, * * * to answer to the enclosed charge." Nowhere does it appear that any judicial power was, delegated by the commission to Brady. The only person who might try prosecutor is one so designated. ° *Penn* v. *Collingswood, supra.* Inasmuch as more than thirty days elapsed without opportunity to prosecutor to be heard before the person designated to exercise the powers and duties of the Director of Public Safety, it follows that the suspension and notice of hearing, under the circumstances of this case, are invalid and ineffectual and must be set aside.

Such will be the judgment.