FRANK S. DeFEO, PLAINTIFF-APPELLANT, v. ALBERT S. SMITH, DEFENDANT-RESPONDENT.

Argued November 29, 1954—Decided January 10, 1955.

*Mr. Josiah E. DuBois, Jr.,* argued the cause for the appellant.

*Mr. Martin Bloom* argued the cause for the respondent.

The opinion of the court was delivered by

WACHENFELD, J. This cause turns upon the counter-motions made by both parties, each seeking a determination in his favor based on the application of legal principles, as the facts involved are not in dispute.

The defendant was elected a chosen freeholder of Atlantic County from the second ward of the City of Brigantine in November 1951 and began serving in such capacity in January 1952.

On December 4, 1953 he was appointed a member of the County Board of Taxation of Atlantic County by the Governor of the State of New Jersey, and the defendant undertook the duties of that office on December 7, 1953, a position he still holds.

On December 11, 1953 he was chosen president of the County Board of Taxation of Atlantic County.

On December 18, 1953 the Board of Commissioners of the City of Brigantine adopted a resolution appointing the defendant as freeholder "to fill the unexpired term, if any, of said office of Chosen Freeholder, as provided by law." The reason for the adoption of this resolution is not made clear in the briefs.

The defendant assumed the duties of this office and continues as such freeholder under such appointment up to the present time, having on January 2, 1954 been chosen as director of the Board of Freeholders of Atlantic County.

The defendant contends he may lawfully hold both positions, a member of the county board of taxation and a member of the board of chosen freeholders, while the appellant, a resident, citizen and taxpayer of Atlantic County, in his action in lieu of prerogative writ, asserts that the two positions are incompatible and under our law, therefore, are illegal.

The trial court found in favor of the defendant, holding the offices were not incompatible, and consequently denied the motion for summary judgment by the plaintiff and dismissed the complaint, giving judgment for the defendant, 31 *N. J. Super.* 474. We certified the appeal taken by the plaintiff on our own motion.

186

The appellant asserts the offices of a member of the board of chosen freeholders and a member of the county board of taxation of the same county are incompatible and the holding of them concurrently by the same person is against public policy for three different reasons which will be hereafter further referred to. The acceptance, it is said, by the defendant of the appointment as chosen freeholder *ipso facto* vacated the office of a member of the county board of taxation held by the defendant.

It is conceded there is no direct statutory or constitutional provision which prevents the defendant from holding both positions of chosen freeholder and a member of the county board of taxation. Nevertheless the appellant insists that the provisions of *chapters* 20 to 37, inclusive, of *Title* 40 of *N. J. S. A.*, concerning the functions, powers and duties of the board of chosen freeholders, and the provisions of *chapters* 3 and 4 of *Title* 54 of *N. J. S. A.*, concerning the functions, powers and duties of the county board of taxation, clearly reveal the incompatibility between these respective offices and demonstrate why it is against public policy for the same person to hold both offices at the same time.

The forfeiture is sought to be imposed, however, primarily upon the ground that under the common law the two offices are incompatible.

Even though neither the statutes nor the Constitution provides against it, our law on the subject is directively clear and emanates from *State ex rel. Clawson v. Thompson*, 20 *N. J. L.* 689 (*Sup. Ct.* 1846) :

"* * * there is no express provision, either in the late or present constitution of this state, nor any legislative enactment declaring these offices incompatible; yet it does not follow, for that reason, that they are not so. There are many cases where two offices cannot be held by the same person; although neither the constitution nor the statutes have provided against it. Where there is no express provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person; or when they cannot be executed with care, and ability; or where one is subordinate to, or interferes with another, *Bac. Abr. Tit. 'Office' K.*"

A similar thought was expressed in *Kobylarz v. Mercer*, 130 *N. J. L.* 44 (*E. & A.* 1942):

"For the resolution of the question, we must needs have recourse to the reason and spirit of the common law rule against the holding of incompatible offices. Dual officeholding, as such, is not forbidden by the common law. Incompatibility is an essential ingredient of the doctrine. The principle is grounded in public policy. It has reference to inconsistency of nature, duty, or function which, from considerations of sound policy, cannot be lodged in one and the same functionary at one and the same time, rather than mere physical inability to render a personal discharge of the obligations of both offices * * * Controlled by this principle, the question of incompatibility of necessity depends upon the circumstances of the individual case."

■ The problem before us is the applicability of the principle so enunciated to the facts presently encountered, keeping in mind, however, that forfeitures are not favored either at law or in equity as they imply the taking away from one of an existing right.

The appellant argues: (1) the statutory provisions aforementioned manifest a clear intention by the Legislature that the powers to manage and control the property and finances of the county, including the powers to raise necessary moneys by taxation, be kept separate from the duty to apportion, equalize, revise, review and enforce the taxes so levied; (2) the powers of the two offices are otherwise incompatible under well-established principles of the common law, to wit, a member of the county board of taxation often will be required to act as a judge with respect to matters on which he has legislated as a member of the board of chosen freeholders; the defendant as holder of the two offices owes conflicting duties to Atlantic County and the City of Brigantine; and (3) the holding of the two offices by the same person is against public policy.

It is said the plain intent of the Legislature was that the chosen freeholders should levy taxes required for county purposes and then a separate and independent tax board should apportion and equalize said taxes among the taxing districts of the county. For one member to hold an office in

both phases of this tax program conflicts with the statutory design and therefore creates a disqualifying incompatibility.

Again it is asserted the defendant holds a judicial office in equalizing and enforcing taxes, in the levying of which he has already taken part as a legislator, relying on *Stack v. P. G. Garage, Inc.*, 7 *N. J.* 118 (1951), where we held:

"There can be little doubt that the jurisdiction of the County Tax Board is *quasi*-judicial in nature and that the prosecution of an appeal before it constitutes the practice of law. It requires the qualification of experts, the examination and cross-examination of witnesses, and the admission and exclusion of evidence. It frequently necessitates the construction of a statute, the application of court decisions, and occasionally the furnishing of a brief as to the law and facts."

The court below disposed of the cause favorably to the defendant, holding:

"The County Board of Chosen Freeholders is the legislature of the County. It exercises the corporate powers of the county and has the management and control of county property and its financial interests. * * * While the County Board of Taxation exercises a jurisdiction that is confined within definite territorial limits, its duties concern the state at large in a government field of major importance. It is in no sense engaged in municipal administration; its function, although perhaps in some part administrative, is largely *quasi*-judicial, for the enforcement of the State's general tax policy."

We see no persuasive merits in the reasons urged before us warranting a different determination in these respects.

As to the third ground in which the court below held that "the duties and obligations connected with or flowing out of each of the offices held by the defendant may be carried on and exercised by him without any laxity in duty or disloyalty to the public which he serves," we come to a contrary conclusion.

No misbehavior or indiscretions are charged against the defendant. Indeed, he is to be complimented on the existing desire to secure the benefit of his services in more places than one. Yet it is apparent that no man should be in a dual position where there exists the possibility of conflicting interests,

despite the admirable manner in which he is presently performing his duties.

The gist of the test and the point to which our inquiry must be directed is the possibility of a conflict in the obligations of the positions in relation to the public interest.

■ If the duties are such that placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible.

The county board of taxation is under the control of the board of chosen freeholders in all matters concerning its actual physical make-up and existence. It sets the salaries of the secretary of the tax board, establishes the number of employees and their emoluments, and determines the board's budgetary allotments each year. In effect, the board of chosen freeholders controls the purse strings, determines the expenditures and has the right and power to establish and fix the size of the office of the tax board, the number of administrative assistants and the operating overhead.

The defendant as a member of the tax board would in effect be requisitioning from himself as a freeholder an allotment of public funds for the transaction of public business. The performance of one of his offices would automatically enrich the coffers of the other, thereby eliminating an element of independent control of the public moneys to be expended. These two capacities may well conflict in the public interest and are difficult of reconciliation. Not only might the dual office-holding hinder the defendant's own freedom of discretion, but his conclusions could conceivably also unconsciously impair and influence the free choice of the remaining members of both boards.

■ The obligations of a public trust have been defined in *Driscoll v. Burlington-Bristol Bridge Co.*, 8 *N. J.* 433 (1952), where the Chief Justice, speaking of public office-holders, said:

"In discharging the duties of their office they are required to display such intelligence and skill as they are capable of, to be diligent and conscientious, to exercise their discretion not arbitrarily but reason-

ably, and above all to display good faith, honesty and integrity. * * * These obligations are not mere theoretical concepts or idealistic abstractions of no practical force and effect; they are obligations imposed by the common law on public officers and assumed by them as a matter of law upon their entering public office. The enforcement of these obligations is essential to the soundness and efficiency of our government, which exists for the benefit of the people who are its sovereign."

■■ We doubt if under the present circumstances the defendant could comply with the strict responsibilities thus set forth without encountering incompatible obligations making the dual office-holding impossible of performance within the high standards declared.

At common law the rule was that upon the acceptance of another and incompatible office the first became vacant, and this is likewise the rule where the contemporaneous holding of two offices is prohibited by constitution or statute. The acceptance of the second office *ipso facto* vacates the first. *Kobylarz v. Mercer, supra; Tonkin v. Kenworthy,* 112 *N. J. L.* 274 (*Sup. Ct.* 1933); *Wescott, Attorney-General v. Scull,* 87 *N. J. L.* 410 (*Sup. Ct.* 1915); *Lofland v. Hilton,* 80 *N. J. L.* 528 (*Sup. Ct.* 1910).

In the instant case the defendant's last appointment was to the board of chosen freeholders. Thus his seat on the county board of taxation became vacant.

The judgment below is reversed and judgment in accord with the views expressed in this opinion is entered in favor of the plaintiff.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.