80 N.J. Super. 1 (1963)
192 A.2d 589
RALPH Y. BROWN, PLAINTIFF-APPELLANT,
v.
JOSEPH M. HEALEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1963.
Decided June 27, 1963.
*2 Before Judges CONFORD, GAULKIN and KILKENNY.
*3 Mr. John Kandravy argued the cause for appellant (Messrs. Shanley & Fisher, attorneys; Mr. Frederick B. Lacey, of counsel; Mr. Kandravy, on the brief).
Mr. Robert J. McCurrie argued the cause for respondent (Messrs. McCurrie & Thuring, attorneys; Mr. McCurrie, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is an action in lieu of prerogative writs by a taxpayer and resident of the Town of Kearny in the County of Hudson. Judge Artaserse ruled in the Law Division that summary judgment should be awarded defendant on plaintiff's claim that defendant was holding incompatible offices as Mayor of Kearny and Purchasing Agent of Hudson County and should be required to vacate one of them. We find ourselves in accord with the determination below.
The authoritative rule as to incompatibility of public offices is stated as follows:
"* * * Where there is no express [constitutional or statutory] provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person; or when they cannot be executed with care, and ability; or where one is subordinate to, or interferes with another, Bac. Abr. Tit. `Office' K." McDonough v. Roach, 35 N.J. 153, 155 (1961).
And see Ahto v. Weaver, 39 N.J. 418 (1963). In the McDonough case the offices of Mayor of the Town of Dover (Morris County) and member of the Board of Chosen Freeholders of Morris County were held incompatible as held by one person on the ground that in many possible areas of negotiation or joint action by or between the town and the county the officer would be sitting "on both sides of a bargaining table," being a member of the governing bodies of both town and county. (35 N.J., at p. 156.) But see L. 1962, c. 173, § 1 (N.J.S.A. 40:11-1.1) making lawful the simultaneous holding of elective county and municipal offices.
*4 In the present case plaintiff also points to the same statutory provisions for joint governmental action between town and county and attempts to show that Mr. Healey would be acting in an incompatible position if functioning as Mayor of Kearny and Purchasing Agent of Hudson County in connection therewith. The flaw in the plaintiff's position, however, is in his assumption as to the duties of the county purchasing agent in such matters.
The duties of a county purchasing agent are fixed by statute. R.S. 40:21-21 provides as follows:
"The board of chosen freeholders may elect a purchasing agent for the term of three years. He shall classify and standardize, under direction of the board, all materials and supplies to be purchased for all institutions, departments, boards and commissions of the county, and shall purchase all supplies and materials for the use of all institutions, departments, boards and commissions of the county. He shall execute all contracts, in the name of the county, and perform such other services as the board shall from time to time direct."
This provision is subject to N.J.S.A. 40:25-2, which calls for award of county contracts for purchases of over $2,500 of materials, supplies or labor to the lowest responsible bidder after public advertising for bidders.
The areas of permissible contracts between counties and municipalities cited by plaintiff are these: N.J.S.A. 40:9A-1 to 4 (establish and maintain federation of libraries); N.J.S.A. 40:12-9 (joint acquisition of property for and operation of playgrounds and other recreational facilities); R.S. 40:13-1 (joint contracts for provision of public health services); R.S. 40:23-14 (joint contract for acquisition, construction and maintenance of public improvement or works); R.S. 40:23-19 (county contracts for use of municipal sewers for disposal of sewage from county buildings); N.J.S.A. 40:30-21 (joint contract for payment of proportionate cost of drainage works constructed by county drainage commission); R.S. 40:32-5 (joint purchase of land for erection of building for joint county and municipal use); R.S. 40:48-18 (joint contract for acquisition or construction of *5 public works or performance of other governmental functions); R.S. 40:56-17 (joint undertaking for streets and other local improvements); R.S. 40:56-50 and R.S. 40:67-25 (joint contracts for construction or improvement of roads); R.S. 27:16-70 (contract for improvement by municipality of county road).
A reading of each of the statutory provisions mentioned satisfies us that the execution of none of the projects encompassed therein contemplates the exercise by the county purchasing agent of his statutory functions. R.S. 40:21-21 has in view the purchase by the county purchasing agent of supplies and materials for the current and continuous operations of county institutions, agencies, and departments. We do not think the county purchasing agent is intended to have anything to do with purchasing in connection with the construction of county capital projects, those ordinarily being executed by independent contractors on contracts awarded on public bidding. In any event, the carrying out of joint municipal-county capital projects like public buildings, works, improvements, roads and the like, would clearly be beyond the purview of the statutory duties of the county purchasing agent, not only for the reason that they would transcend the mere purchase of supplies and materials, but because joint county-municipal projects are not included within the county institutions, departments, etc., for whose use the purchasing agent is authorized to purchase materials and supplies under the statute.
Plaintiff's argument assumes that in the execution of any of the kinds of joint contracts between Kearny and Hudson County covered by the various statutes cited, Mayor Healey, acting as Hudson purchasing agent, would receive the goods jointly purchased and certify receipt thereof on bills submitted by suppliers, whereupon the mayor, now acting for Kearny, would be obliged to approve payment of Kearny's share on the basis of his own certification of receipt as county purchasing agent. We assume, for the sake of the argument only, that these are incompatible functions. However, as *6 already noted, the county purchasing agent has only the statutory duty of purchasing supplies and materials. In normal administrative operation, it is the department or agency to which the goods are delivered which has knowledge of and therefore certifies to their delivery. In the case of a joint county-municipal facility it is not to be assumed that the joint contracting authorities would necessarily designate any particular officer, either county or municipal, to certify to receipt of goods. In the execution of a capital project such certification would in the normal course of events be made by an agent of the independent contractor executing the project such as a superintendent of works, or an architect or engineer on the job. It is remote and fanciful to surmise that the county purchasing agent would have this responsibility.
Even after the completion of a capital project and in the course of the day-to-day operations of the joint county-municipal facility, if of a kind contemplated by the particular statute (e.g., maintenance of joint library services), it is to be assumed that a joint administrative agency would be set up for the purpose of maintenance of the facility which would handle purchases of needed materials and supplies and that the county purchasing agent would not be involved. Also, as indicated above, since the statute describes the duty of the purchasing agent as consisting of purchasing for county institutions, departments, etc., it cannot be fairly stated that it also envisages within his duties purchasing of supplies for a joint county-municipal administrative agency any more than it would contemplate a municipal purchasing agent as having that duty.
While it is true that the mere possibility of an occasion of incompatibility of duties, though rare, is sufficient to invoke the application of the doctrine of incompatibility, Jones v. McDonald, 33 N.J. 132, 138 (1960) (even though it is admitted that no joint contract or joint facility of any nature exists or is now in prospect between Kearny and Hudson), nevertheless it must be shown that the possibility inheres "in the regular operation of the statutory plan." McDonough *7 v. Roach, supra (35 N.J., at p. 157). It is the placement of the incompatible duties of the offices in one person that controls, ibid., and the possibility that the person may gratuitously, fortuitously, or for reasons of convenience undertake or be assigned functions not within his statutory duties cannot constitute a basis for declaring the offices incompatible because held by one person. We are satisfied that no incompatibility has been demonstrated herein between the offices of Mayor of Kearny and Purchasing Agent of the County of Hudson.
Judgment affirmed.