WALTER ENGLE, VINCENT R. ROGLIANO, THOMAS Mc-
GUIRE AND JOSEPH HALT, PLAINTIFFS, v. SALVA-
TORE SORRENTINO; DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 1, 1971.

*Mr. George H. Barbour,* attorney for plaintiffs.

*Mr. Robert Paul Weishoff,* attorney for defendant.

MARTINO, A. J. S. C. This is an action in lieu of prerogative writs to determine whether defendant holds the office of borough councilman.

In the November 1970 general election defendant was elected to the office of borough councilman for a term of three years, which term would commence on January 1,

1971. Previous to this election he had been elected as a councilman, the term of which would have expired on December 31, 1970.

On December 10, 1970 he resigned from the borough Council and was appointed by the council to fill a vacancy which had occurred in the office of mayor. On the same day defendant, as mayor, proposed one Peter Evert to fill the vacancy in council occasioned by his resignation, which appointment was confirmed by the council. Defendant, as mayor, and Evert, as councilman, continued in these offices until March 4, 1971 when a court decision ruled that both offices were illegally filled and the offices were declared vacant. On the same day of the court decision defendant took the oath of office as councilman, which office he had been elected to in the election held in November 1970 to commence January 1, 1971.

The question to be decided is whether defendant, by assuming the office of mayor and serving in that office until March 4, 1971, when that appointment was declared invalid, has forfeited his right to the office of councilman.

The offices of mayor and councilman are not compatible. Our cases support the view that a mayor is not to be counted as a member of council except in the situations mentioned in the statute, among which are to constitute a quorum for the transaction of business and to break a tie. See *N. J. S. A.* 40:88–1; also *Grimes v. Miller,* 113 *N. J. L.* 553 (Sup. Ct. 1934); *Freint v. Dumont,* 108 *N. J. L.* 245 (Sup. Ct. 1931).

When defendant was selected to fill the office of mayor on December 10, 1970 he vacated the office of councilman, to which office he had been elected to serve for the balance of that year. The office of mayor to which he was appointed and confirmed on December 10, 1970 was for the unexpired term, which would continue to December 31, 1971. He did not exhibit any interest in the office to which he was elected, *i. e.* councilman, until the office of mayor was declared vacant because of his illegal appointment thereto:

Defendant selected Evert to his vacated position on December 10, 1970, at which time Evert's selection was confirmed by the borough council. Defendant knew or should have known that this appointment, when confirmed, would expire on December 31, 1971. See *N. J. S. A.* 40:87–13.

Plaintiffs claim that defendant's acts clearly indicate his abandonment of the office of councilman to which he was elected for the term commencing January 1, 1971, and that office should be declared vacant.

In *Vanderbach v. Hudson County Board of Taxation,* 133 *N. J. L.* 126 (E. & A. 1945), the court said:

The acts relied upon to show abandonment and nonuser of a public office are to be assayed in the light of the principle that such an office is a public trust which imposes upon the incumbent the performance of certain duties for the common good. It is requisite that the abandonment be intentional, although the intention may be inferred from the officer's conduct and overt acts. The relinquishment must be total and absolute. * * *

An abandonment must be distinguished from a forfeiture. The abandonment of the office is *ipso facto* a vacation of it, because the abandonment necessarily implies a voluntary and intentional disclaimer and surrender of the office by him to whom it pertains which, in its effect, is like a resignation from that office. If the abandonment exists as a matter of fact, then a vacancy also exists, for that is the inevitable inference. *State ex rel. Deering v. Harmon,* 115 *Me.* 268, 98 *A.* 804 (Sup. Jud. Ct. 1916).

It must be conceded that when defendant accepted the office of mayor his previous office as councilman would become vacant because of the incompatibility of both offices. However, he contends that the office of councilman to which he was elected for the term commencing January 1, 1971 was still available to him, and when his appointee, Evert, was declared ineligible to serve, defendant could assume the office by exercising an acceptance and taking the oath of office, which he did on March 4, 1971.

It must be conceded that if defendant had undertaken the office of councilman on January 1, 1971, the office of mayor would be vacated. It is generally held that the common law rule leads to loss of the office first accepted. *DeFeo v. Smith,* 17 *N. J.* 183, 190 (1955).

The nomination of Evert to the office vacated by defendant would permit Evert to hold it until December 31, 1971, when the successful candidate at the November 1971 general election would assume that office, commencing January 1, 1972.

When defendant accepted the office of mayor he knew that the term would extend to December 31, 1971.

Defendant states that the court decision declared his election as mayor null and void, and therefore he was never the mayor and is now entitled to the office of councilman.

Whether an office is abandoned should not be determined by the results of litigation. Actions of an officeholder at the time he makes his choice will make his intentions clearer. Defendant's choice was available to him while he was acting as mayor on January 1, 1971, when his term of office as councilman would begin. He chose to remain as mayor and did so until his selection as mayor was declared invalid. The common law rule is clear that one cannot hold two incompatible offices at the same time, and that acceptance of the second of such offices *ipso facto* constitutes a vacation of the first. *Kobylarz v. Mercer,* 130 *N. J. L.* 44 (E. & A. 1942), and cases cited at 46. On January 1, 1971 defendant held the office of mayor; *ergo* he had vacated the office of councilman.

Every action taken by defendant evinced an interest to abandon the office he now holds. Plaintiffs are entitled to a judgment declaring the office of councilman vacant.