SYBIL KAUFMAN, PLAINTIFF-RESPONDENT, v. JOSEPH PANNUCCIO a/k/a JOSEPH PAYNE, AND JOSEPH RUSSO, DEFENDANTS-APPELLANTS, AND THE CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH (PAYNE) PANNUCCIO, JOSEPH R. RUSSO AND DANIEL F. RYAN, DEFENDANTS-APPELLANTS.
(APPEAL OF DANIEL F. RYAN)

Superior Court of New Jersey
Appellate Division

Argued September 26, 1972—Decided October 4, 1972.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Mr. Abraham L. Friedman* argued the cause for appellant Daniel F. Ryan (*Messrs. Rothbard, Harris & Oxfeld,* attorneys; *Mr. Emil Oxfeld,* of counsel).

*Mr. Joseph F. Scancarella* argued the cause for respondent City of Passaic.

The opinion of the court was delivered by

LABRECQUE, P. J. A. D. Defendant Daniel F. Ryan, a member of the Passaic municipal council, appeals from a judgment of the Law Division holding his position as a Guidance Counselor in the Passaic school system to be incompatible with that of councilman, and requiring him to elect, within 30 days, whether to serve his term as councilman or retain his position in the school system.

The facts leading up to the present controversy are fully detailed in the opinion filed simultaneously herewith involving the companion appeal of Joseph R. Russo, 121 *N. J. Super.* 27.

Ryan's employer was the Board of Education of the City of Passaic. Passaic is a type II school district in which the members of the board of education are elected. *N. J. S. A.* 18A:12–11. There is no board of school estimate and the school budget is submitted annually to the legal voters of the district for their approval. *N. J. S. A.* 18A:22–32 and 33.

In holding Ryan's positions to be incompatible the trial judge ruled that "the municipal council, of which Councilman Ryan is a member, has the opportunity and duty to pass upon matters concerning the salaries of employees of the Board of Education in the event of a rejection of the school budget by the voters." This appears to be an oversimplification of the function to be performed by the council in the event that an item in the proposed budget of the board of education is not approved by a majority of the voters at the annual school election. In such case the governing body is required to consult with the board and thereafter determine and certify the amount which in its judgment is necessary to be appropriated for each item appearing in the budget. *N. J. S. A.* 18A:22–37. Should it fail to do so the Commissioner of Education shall determine

such amount. *N. J. S. A.* 18A:22–38. In no case is the governing body vested with power to do more than certify the gross amount necessary to be appropriated for each item appearing in the budget. The allocation of such funds as may be certified remains a matter committed solely to the discretion of the board.

Counsel has cited no case, and we know of none, in which it has been held that one holding a position, such as the one here involved, in a municipal school system administered by an elected board of education, may not, on the ground of incompatibility, hold office simultaneously as a member of the governing body of the same municipality. Compare *Jones et al. v. Kolbeck et al.,* 119 *N. J. Super.* 299 (App. Div. 1972).

The test here is incompatibility in the functions or duties of the office rather than a mere possibility of a conflict of interest. *Jones, supra,* at 301. Here even the possibility of conflict is so remote as to be in reality nonexistent.

While we conclude from the record that the judgment as to Ryan must be set aside, any doubt on this score is resolved by the signing into law by the Governor on September 7, 1972 of a supplement to Title 18A, Assembly Bill No. 1355, which reads:

1. No person employed by a public educational system or institution in a position which requires a certificate issued by the State Board of Examiners, or employed in a professional educational capacity by a school, college, or university which is either tax-supported or operated under contract with the State or on behalf of the State shall be disqualified by reason of such employment from holding any elective or appointive State, county or municipal office excepting as member of the board or body by which he is employed.
2. This act shall take effect immediately.

See *Staudter v. Elter,* 64 *N. J. Super.* 432, 436 (App. Div. 1960) ; *Cranberry Lake Quarry Co. v. Johnson,* 95 *N. J. Super.* 495, 516 (App. Div. 1967).

The judgment as to Ryan is accordingly reversed.