121 N.J. Super. 27 (1972)
295 A.2d 639
SYBIL KAUFMAN, PLAINTIFF-RESPONDENT,
v.
JOSEPH PANNUCCIO a/k/a JOSEPH PAYNE, and JOSEPH RUSSO, DEFENDANTS-APPELLANTS, and THE CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT. CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH (PAYNE) PANNUCCIO, JOSEPH R. RUSSO AND DANIEL F. RYAN, DEFENDANTS-APPELLANTS. (APPEAL OF JOSEPH R. RUSSO)
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1972.
Decided October 4, 1972.
*29 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. John W. Noonan argued the cause for appellant Joseph R. Russo (Messrs. Noonan & Flynn, attorneys).
Mr. Joseph F. Scancarella argued the cause for respondent City of Passaic.
Mr. Henry Ramer argued the cause for respondent Sybil Kaufman.
The opinion of the court was delivered by LABRECQUE, P.J.A.D.
On March 8, 1972 plaintiff Sybil Kaufman, a resident and taxpayer of the City of Passaic, filed a complaint in lieu of prerogative writs challenging the right of Joseph Pannuccio, a/k/a Joseph Payne, and Joseph R. Russo (Russo) to sit as members of the city council on the ground that their offices as councilmen were incompatible with other municipal offices held by them. At that time Pannuccio was an assistant tax assessor and Russo was a police lieutenant in the city police department.
The City of Passaic filed a second complaint, seeking a declaratory judgment as to the status of Pannuccio, Russo and another councilman, Daniel F. Ryan, who was employed by the board of education as a guidance counselor in the Passaic school system. The two actions were subsequently consolidated and, after hearing, the trial court, in a letter opinion, concluded that the positions held by each were incompatible and ordered each to make an election within 30 days as to which of the two offices he held would be vacated. Each was restrained from exercising his duties as a councilman until he had made his election.
*30 Each of the councilmen appealed and, on separate motions, we stayed so much of the judgment as would have required them to elect within 30 days which office they would vacate. On our own motion the hearing of the appeals was accelerated. Pannuccio's appeal was withdrawn prior to the accelerated hearing date, he having elected to retain his office as councilman.
The trial court held that Pannuccio and Russo were in a position where they, as members of the municipal council, had the power and authority to take official action affecting their status as city employees holding positions subject to the authority of the council, relying principally upon O'Connor v. Calandrillo, 117 N.J. Super. 586 (Law Div. 1971), and De Feo v. Smith, 17 N.J. 183 (1955). In doing so it noted the absence of any claim of bad faith, or any evidence thereof.
Russo raises but one point, that his position as a lieutenant in the Passaic Police Department was not incompatible with his holding office as a member of the council. We disagree, and affirm the judgment of the Law Division.
The City of Passaic is a municipal corporation operating under Council-Manager Plan C of the Faulkner Act. N.J.S.A. 40:69A-104 to 108. All powers of the municipality and the determination of matters of policy are, with few exceptions, vested in the elected municipal council. N.J.S.A. 40:69A-88. The municipal manager is the chief executive officer. N.J.S.A. 40:69A-95. He is required to prepare a budget, N.J.S.A. 40:69A-96, and to submit it to the council, which is charged with the duty of adopting a budget and appropriating the monies therefor, N.J.S.A. 40:69A-88. The council is also vested with the power to establish, alter and abolish offices, positions and appointments, to define the functions, powers and duties thereof and to fix their term, tenure and compensation. N.J.S.A. 40:69A-29, 30, 88, 90.
*31 The common law doctrine of incompatibility has developed as a matter of sound public policy. State ex rel. Clawson v. Thompson, 20 N.J.L. 689 (Sup. Ct. 1846). It is calculated to insure that there be the appearance as well as the actuality of impartiality and undivided loyalty. Incompatibility is generally understood to mean a conflict or inconsistency in the functions of an office. It may be said to exist "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." Reilly v. Ozzard, 33 N.J. 529, 543 (1960). See also McDonough v. Roach, 35 N.J. 153, 155, 157 (1961); Jones v. MacDonald, 33 N.J. 132, 136 (1960); Ahto v. Weaver, 39 N.J. 418, 422-424 (1963); O'Connor v. Calandrillo, supra, 117 N.J. Super. at 589. If the duties of the two offices are such that when "placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible." De Feo v. Smith, supra, 17 N.J. at 189.
Where incompatibility has been shown to exist, it is no answer to say that, should there be a conflict in duty, an incumbent may omit to perform one of his incompatible roles. Jones v. MacDonald, supra, 33 N.J. at 138. And as was pointed out in the latter case:
Public policy demands that an office holder discharge his duties with undivided loyalty. The doctrine of incompatibility is intended to assure performance of that quality. Its applicability does not turn upon the integrity of the person concerned or his individual capacity to achieve impartiality, for inquiries of that kind would be too subtle to be rewarding. The doctrine applies inexorably if the offices come within it, no matter how worthy the officer's purpose or extraordinary his talent. (at 135)
Here we are clear that Russo's position as a lieutenant in the police department is incompatible with his position as a member of the municipal council. O'Connor v. Calandrillo, supra, 117 N.J. Super. at 590-591. As a member of the *32 council he would be empowered and called upon to pass upon matters involving salary, tenure and promotion of members of the police department, including himself. The fact that the council is required to deal with the administrative service of the city through the city manager, N.J.S.A. 40:69A-91, does not cure the incompatibility. Indeed, it may be noted that the manager is appointed by the council, N.J.S.A. 40:69A-89, and his tenure is at all times subject to termination by a majority of the council, N.J.S.A. 40:69A-93.
The judgment of the Law Division holding the offices held by Russo to be incompatible is affirmed, as is likewise that portion thereof permitting Russo to elect within 30 days which position he wishes to retain. McDonough v. Roach, supra, 35 N.J. at 159-160; O'Connor v. Calandrillo, supra, 117 N.J. Super. at 592-593. So that the business of the city will not be unduly impeded, we direct that the 30-day period shall begin to run upon the filing of this opinion.