121 N.J. Super. 135 (1972)
296 A.2d 326
JOHN J. O'CONNOR, ROBERT C. BOTTI AND JOSEPH CAPUANO, PLAINTIFFS-RESPONDENTS,
v.
HARRY M. CALANDRILLO, JR., PAUL J. LOMBARDO AND JAMES E. LAGOMARSINO, JOINTLY, SEVERALLY AND AS MEMBERS OF THE BOARD OF COMMISSIONERS OF THE CITY OF UNION CITY IN THE COUNTY OF HUDSON, DEFENDANTS-APPELLANTS, AND FRANK X. CLARK, WILLIAM J. MEEHAN, LAWRENCE P. PARACHINI AND HARRISON C. HULTMAN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1972.
Decided October 31, 1972.
*136 Before Judges LEWIS, CARTON and MINTZ.
Mr. Victor P. Mullica argued the cause for appellants.
Mr. George J. Kaplan argued the cause for respondents.
PER CURIAM.
Plaintiffs, as residents and taxpayers of the City of Union City, a municipality governed by a board of commissioners, initiated in lieu proceedings challenging the right of defendants Harry Calandrillo, Paul Lombardo and James Lagomarsino, elected commissioners, each receiving an annual salary of $7500, to hold additional paid appointed positions in the municipal government. The basic facts are undisputed, and it was stipulated that the court should consider the matter as if presented on cross-motions for summary judgment.
The Law Division declared the appointments void because of their incompatibility with the elective offices, ousted defendants from such appointed dualistic positions and ordered defendants to repay to the municipality all compensation they had received incident to the appointed positions. Defendants appeal.
We affirm essentially for the reasons set forth in the opinion of Judge Larner for the Law Division reported in O'Connor v. Calandrillo, 117 N.J. Super. 586 (Law Div. 1971).
The judgment of ouster is not only sustainable under the rationale of De Feo v. Smith, 17 N.J. 183 (1955), followed by the Law Division, but could also be sustained under the stricter test applied in Reilly v. Ozzard, 33 N.J. 529 (1960).
*137 The trial judge concluded that defendants did not act in their respective appointed positions in good faith. Ordinarily such a conclusion would be difficult to sustain on a motion for summary judgment. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). However, the boldness and the shuffling pattern on the part of these elected officials to secure for themselves, from in-lodge fellow-commissioners, appointed positions within the municipal government and thus substantially augment their respective salaries, and a continuance thereof after notice of incompatibility was received from the Civil Service Department, demonstrate palpably that plaintiffs and the City of Union City were entitled to the summary judgment entered.
Affirmed.