TOWNSHIP OF BELLEVILLE AND MICHAEL P. PIZZI, MAYOR OF THE TOWNSHIP OF BELLEVILLE, PLAINTIFFS, v. JOSEPH T. FORNAROTTO, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided August 11, 1988.

*Frank J. Cozzarelli* for plaintiff Township of Belleville.

*Gerald E. Fusella* for plaintiff Mayor Michael P. Pizzi (*Fusella, Murphy & Sciarrillo,* attorneys).

*Marvin Waxman* for defendant Joseph T. Fornarotto.

VILLANUEVA, J.S.C.

Plaintiff township and its mayor bring this action, in lieu of prerogative writs, seeking a declaratory judgment whether defendant, who serves as one of the township's commissioners and also is a civil service employee in one of the township departments, holds incompatible positions within the purview of the doctrine of incompatibility of offices.

Defendant contends that plaintiff, Michael P. Pizzi, lacks standing as mayor and township commissioner to bring this action as well as to join the Township of Belleville as a plaintiff because this action was not authorized by a resolution of the township commission. Defendant also contends that his duties as a township commissioner do not clash with nor control his activities as a housing inspector.

This declaratory judgment action raises the following issues:

1. Are the mayor and the township proper parties?
2. Is defendant holding dual public offices or positions which are incompatible.
3. If they are incompatible, what relief should be granted?
   (a) Does the acceptance of the elected office of commissioner *ipso facto* vacate the office of housing inspector; or
   (b) should the court declare the second office assumed, as commissioner, vacated; or
   (c) should defendant be permitted to elect which office to vacate; and
   (d) is defendant entitled to retain such salary, raises and benefits received while holding dual offices?

The court holds that defendant is holding dual public positions which are incompatible. Defendant is entitled to retain the benefits that he received while holding dual positions since there is no evidence of bad faith on his part. The court will hold an immediate hearing to determine which office must be vacated.

## Factual Background.

Plaintiff Michael P. Pizzi is the mayor of the Township of Belleville and also serves as the director of the Department of Public Safety. Defendant, Joseph T. Fornarotto was appointed as a housing inspector of the township on September 3, 1985, and he continues in that position. On May 5, 1987, he was elected as a commissioner of the township and took his oath of office at an organizational meeting of the governing body on May 19, 1987.

Before the election, defendant solicited an opinion from George H. Bloom, Jr., Supervisor, Election Administration of the New Jersey Department of State, who advised "it appeared" that he need not give up his position as a housing inspector if elected to the governing body.

When the board of commissioners organized after the election of May 5, 1987, defendant was named director of the Department of Public Affairs and Commissioner Vincent J. Frantantoni was named director of the Department of Parks and Public Property, in which department defendant was employed as a housing inspector.

Shortly after taking office, Commissioner Frantantoni requested a legal opinion from the law department of the township as to whether defendant's election as a township commissioner created a conflict of interest since defendant also served as a housing inspector. The law department opined that the employee position of housing inspector and the elected position of township commissioner were incompatible.

Thereafter, Deputy Director William M. Connolly of the New Jersey Department of Community Affairs, Division of Housing and Development informed the Belleville township attorney that, with respect to the enforcement or administration of inspection laws by the Department of Community Affairs, Fornarotto was not in conflict of interest by holding both positions.

Defendant sought the opinions of two attorneys, Robert C. Gruhin and Marvin Waxman (defendant's present attorney), both of whom rendered written opinions to the Belleville township attorney that there was no incompatibility in the two offices.

In response to an inquiry from Gabriel Naggiola, a Belleville citizen, the assistant deputy public advocate of the Division of Public Interest Advocacy, Department of the Public Advocate of the State of New Jersey informed the citizen, by letter dated June 27, 1988, that the two positions held by Commissioner Fornarotto are incompatible. The director of the Department of the Public Advocate has informed the court that this letter was prepared in response to a citizen inquiry for informational purposes only. It was not prepared or designed for litigation nor was the department aware that this letter would be submitted in conjunction with any pending litigation. Unlike the Attorney General's office, the Department of the Public Advocate does not render official opinions but merely seeks to respond to questions from the public about matters relating to the public interest. Therefore, this court gives no weight or consideration to that opinion.

Because of the alleged incompatibility of offices, plaintiffs have demanded that defendant make an election concerning which position he wishes to retain, but he has refused to comply. Furthermore, the director of the department in which he is employed refuses to terminate defendant's employment.

### Status of Mayor and Township as Parties.

A commission form of government, under which Belleville is organized pursuant to *N.J.S.A.* 40:72–1 *et seq.*, vests all powers in a five-member board of commissioners. *N.J.S.A.* 40:72–2. Although the mayor presides at all meetings, his only other authority is to supervise all departments and report to the board, for its action, all matters requiring the attention of the board or any department. *N.J.S.A.* 40:72–11.

The township attorney advised the mayor and all commissioners, by letter dated June 27, 1987, that before the instant action could be instituted, it would be necessary for the commissioners to vote to authorize this law suit. Notwithstanding that the commissioners declined to adopt such a resolution, this lawsuit was ·instituted by, and on behalf of plaintiff as mayor and purportedly on behalf of the township.

The commissioner of public safety cannot, under the guise of his executive power as mayor, direct the township attorney to prosecute this action without the authority of a resolution by the entire board. *See Slurzberg v. Bayonne,* 29 *N.J.* 106 (1959). In a municipality governed by a commission form of government, the executive, administrative, legislative and judicial powers vested in a department are possessed by the designated commissioner as director of that department and the mayor may not exercise all the power and authority of all departments. *Durkin v. Ellenstein,* 127 *N.J.L.* 55 (Sup.Ct. 1941).

A mayor has a duty to inquire into any matter which may bring the community into public disrepute. *O'Connor v. Harms, et al.,* 111 *N.J.Super.* 22 (App.Div.1970). The mayor, in his capacity as a citizen, resident and taxpayer of a municipality has the undoubted right to prosecute a suit in the interest of the municipality and its taxpayers. *Carlin v. City of Newark,* 36 *N.J.Super.* 74, 86 (Law Div.1955).

If the governing body of a municipality fails to prosecute a claim or demand of the municipality, as was the case herein, the court may allow a taxpayer and resident to commence and prosecute an action against the municipality (in the name, and on behalf, of the municipality) if, in the opinion of the court, the interests of the municipality would be promoted thereby. *N.J. S.A.* 2A:15–18.

Therefore, neither the mayor nor the township is a proper party plaintiff; however, the action will proceed with Michael P.

Pizzi, individually, as plaintiff because the court believes that the interests of the municipality would be promoted thereby.

### Doctrine of Incompatibility of Offices.

■ The common law rule is that the acceptance by a public officer of another office which is incompatible with the first, thereby vacates the first office; that is, the mere acceptance of the second (incompatible) office *per se* terminates the first office as effectively as a resignation.[1] Public policy demands that an officeholder discharge his duties with undivided loyalty. The doctrine of incompatibility is intended to assure performance of that quality. Its applicability does not turn upon the integrity of the person concerned or his individual capacity to achieve impartiality, for inquiries of that kind would be too subtle to be rewarding. The doctrine applies inexorably if the offices come within it, no matter how worthy the officer's purpose or extraordinary his talent.[2] *McQuillin, Municipal Corporations* (3 ed. 1982), § 12.67.

■ The incompatibility standard applied by the courts does not depend upon the good faith or bad faith of the official. Rather, incompatibility is determined by the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. Offices are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt

---

[1] *Wescott v. Scull,* 87 *N.J.L.* (2 Gummere) 410 (Sup.Ct.1915); *Oliver v. Jersey City,* 63 *N.J.L.* 96 (Sup.Ct.1899); *O'Connor v. Calandrillo,* 117 *N.J.Super.* 586 (Law Div.1971), aff'd 121 *N.J.Super.* 135 (App.Div.1972); *Engle v. Sorrentino,* 116 *N.J.Super.* 300 (Law Div.1971).

[2] *Jones v. MacDonald,* 33 *N.J.* 132 (1960); *Kaufman v. Pannuccio,* 121 *N.J.Super.* 27 (App.Div.1972) (member of city council improperly serving as lieutenant in city's police department); *Marini v. Holster,* 87 *N.J.Super.* 329 (Law Div. 1965).

of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both. If the duties of the two offices are such that when placed in one person they might disserve the public interests, or if the respective offices might, or will, conflict, even on rare occasions, it is sufficient to declare them legally incompatible. Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when the one is subordinate to, or subject to audit or review by, the second. Obviously, in such circumstances, where both posts are held by the same person, the design that one act as a check on the other would be frustrated. It is immaterial on the question of incompatibility that the party need not, and probably will not, undertake to act in both offices at the same time. The admitted necessity of such a course is the strongest proof of the incompatibility of the two offices. 63A *Am.Jur.*2d, *Public Officers and Employees,* § 78 at 727.

Incompatibility of office or position is not the same as conflict of interest. Incompatibility of office or position involves a conflict of duties between two offices or positions. While this conflict of duties is also a conflict of interest, a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a nongovernmental interest. Incompatibility of office or position requires the involvement of two governmental offices or positions. Moreover, incompatibility of office or position may be sufficient for a vacation of an office when conflict of interest is not. *Id.,* § 79 at 728.

The holding of more than one public office or position by the same individual is not completely and inevitably precluded. Certain dual officeholding is either expressly permitted or prohibited by statute or constitutional provisions; all other offices not expressly covered by these laws must be examined in light of the common law standard established by case precedent.

There is no statute that expressly permits or prohibits a person from simultaneously holding the offices of township commissioner and municipal building code enforcement officer. *N.J.S.A.* 40A:9-4, entitled "Dual office holding," pertains solely to simultaneous positions in an elective county office and an elective municipal office (*N.J.S.A.* 40A:9-4(1)) and between the Legislature and any elective or appointive office or position in county or municipal government (*N.J.S.A.* 40A:9-4(2)). Nor does any statutory provision under *N.J.S.A.* 40:70-1 *et seq.*, setting forth the commission form of municipal government, expressly address this question. Therefore, it is necessary to examine case law to determine whether the two positions held by Commissioner Fornarotto are incompatible.

Incompatibility of office has been defined by the court as "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." *Reilly v. Ozzard*, 33 *N.J.* 529, 543 (1960) (no conflict between offices of senator and township attorney), citing *Jones v. MacDonald*, 33 *N.J.* 132 (1960) (offices of member of county board of taxation and borough council member are incompatible).

Under common law doctrine prohibiting dual holding of incompatible offices, the post of township attorney is an "office" within the purpose of the doctrine. *Reilly v. Ozzard, supra,* 33 *N.J.* at 541. The Supreme Court indicated that "[t]he definition of an office depends upon the context." *Id.* at 542. See 2 *Antieau, Municipal Corporation Law* (1955), § 13.00 at 209. The Supreme Court concluded by stating:

> We come accordingly to the question whether the office of municipal attorney is incompatible with the office of senator. Incompatibility is usually understood to mean a conflict or inconsistency in the functions of an office. It is found where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another. *Jones v. MacDonald*, 33 *N.J.* 132 (1960); Annotation 1917A *L.R.A.* 216. There is no conflict between senator and township attorney in any of the conventional applications of the doctrine.

The legislature has no power in any judicial, executive or administrative sense to interfere with, supervise or review the performance of an incumbent in local office. Nor does it have the power to appoint to or to remove from local office. [*Reilly, supra,* 33 *N.J.* at 543–544.]

In *Ahto v. Weaver,* 39 *N.J.* 418 (1963), the Supreme Court noted the legislative recognition that the doctrine of incompatibility of offices can apply to a "position" even if rigid categories and nomenclature were to be maintained:

Granting that the doctrine is limited to "offices," the appropriate definition of the term must have regard to the public evil the rule is designed to remedy. See *Reilly v. Ozzard, supra* [33 *N.J.* at 541]. While the quoted requisites have been used as a criterion in incompatibility cases, e.g., *Wilentz ex rel. Golat v. Stanger,* 129 *N.J.L.* 606 (E. & A.1943), *Ozzard* indicated they were not exclusive or controlling. Parenthetically, it might be said that section 2 of *L.*1962, *c.* 173, in legalizing the holding of an office or position in county or municipal government by a legislator, indicates legislative recognition that the doctrine can apply to a "position" even if rigid categories and nomenclature were to be maintained. [at 429–430]

Defendant contends that the doctrine of incompatibility applies only to "offices" and the employee position of housing inspector is not of that character, citing *Wilentz ex rel. Golat v. Stanger,* 129 *N.J.L.* 606 (E. & A.1943). However, the definition of office depends on the context. *Reilly v. Ozzard, supra,* 33 *N.J.* at 542. "It is the placement of the incompatible *duties* of the offices in one person that controls." *Brown v. Healy,* 80 *N.J.Super.* 1, 7 (App.Div.1963).

■ This court believes that the civil service position of housing inspector is an "office" within the ambit of the doctrine of incompatibility of offices.

■ In determining the consequences of unauthorized dual office holding, public interest and welfare should be the paramount and controlling factor. *O'Connor v. Calandrillo,* 117 *N.J.Super.* 586, 591 (Law Div.1971), aff'd 121 *N.J.Super.* 135 (App.Div.1972).

Although subordination of one office to the other constitutes clear evidence of incompatibility, the subordination need not be direct to constitute a conflict. *Jones v. MacDonald, supra,* 33

*N.J.* at 137. Nor is incompatibility limited to instances where one office is subordinate to another. "If the duties of office clash in their demands with the result that the incumbent must choose between them, the public interest is violated." *Ibid.* It is not sufficient for the incumbent simply to decline to perform one of the incompatible roles when a conflict arises. Rather, "[t]he doctrine [of incompatibility of offices] was designed to avoid the necessity for that choice." *Id.* at 138.

Several cases have examined the specific question of an elected member of the municipal governing body simultaneously holding a position of employment with the municipality. In *O'Connor v. Calandrillo, supra,* the court concluded that the paid positions of employment with the municipality were incompatible with the elected position of city commissioner, under the standard set forth in *DeFeo v. Smith,* 17 *N.J.* 183 (1955) and *Reilly v. Ozzard, supra.*

In *O'Connor,* as in the present matter, the commissioners held positions that fell under the administrative supervision of a fellow commissioner (as opposed to their own supervision). 117 *N.J.Super.* at 591. Nevertheless, the court concluded that the dual positions were incompatible because the commissioners' broad grant of statutory powers required the board of commissioners as a whole to "determine the powers and duties of each department and its employees ... [including] the qualifications, functions and duties of all officers and employees, the conditions and terms of their employment and the salaries to be paid to them." *Id.* at 590–591; *see N.J.S.A.* 40:72–2, –5 and –6. The court reasoned:

> For [the commissioners] to continue in these dual positions would deprive the citizens of the municipality of the independent judgment of these elected officials whenever an issue might arise affecting their respective jobs. And this public deprivation is not only measured by the absence of independence of judgment of the three individuals involved, but also by their influence upon ... their other colleagues on the board ... [*O'Connor, supra,* 117 *N.J.Super.* at 591–592.]

In *Kaufman v. Pannuccio*, 121 *N.J.Super.* 27 (App.Div. 1972), the Appellate Division again examined several questions of incompatibility of offices. In that case the court found that the elected position of city council member was incompatible with the respective positions of assistant tax assessor and police lieutenant in the city police department. *Id.* at 32. The court reasoned that both council members "had the power and authority to take official action affecting their status as city employees holding positions subject to the authority of the council. . . ." *Id.* at 30. The court noted that this decision did not depend upon any claim or evidence of bad faith on the part of the individuals involved. *Ibid.* The court noted further that the fact that the council was required to deal through the city manager does not cure the incompatibility, since the administrative decisions of the city manager were subject to review and approval of the city council. *Id.* at 32.

In the second *Kaufman* case, the Appellate Division found no incompatibility between the position of guidance counselor in the city school system and the elected position of a city councilman. *Kaufman v. Pannuccio*, 121 *N.J.Super.* 32 (App.Div. 1972). The court reasoned that the position of guidance counselor was administered by an elected board of education, and that the separately elected city council had virtually no responsibility or authority over any of the school board's functions. *Id.* at 35.

These cases demonstrate that where an individual is both a public employee and an elected public official, a conflict exists if the elected position carries with it responsibility for voting on matters related to the individual's public employment or if the two positions create the possibility of undue influence of one elected official on the independent judgment of a second because the first official is also the employer of the second. Under these circumstances, the incompatibility of offices does not depend upon any showing of bad faith or actual conflict on the part of the individual involved, nor is the conclusion altered

if there is an administrator between the elected official and the
employee.

*Reasons Why the Positions Held by Defendant
are Incompatible.*

■ As noted by the court in *O'Connor v. Calandrillo,
supra,* a commission form of municipal government is vested
with executive, administrative, judicial and legislative powers,
authority and duties. *N.J.S.A.* 40:72–2. Although these re-
sponsibilities are distributed among five departments, each
headed by one of the five commissioners, *N.J.S.A.* 40:72–4
through –6, the board of commissioners, as a whole, is respon-
sible for appointing "such officers as it may deem necessary for
the proper and efficient conduct of the affairs of the municipali-
ty" and removing from office any officer or employee appointed
by the board. *See N.J.S.A.* 40:72–7. The board of commission-
ers, as a whole, is also responsible for prescribing the powers
and duties of all officers and employees, *N.J.S.A.* 40:72–5, and
fixing the salary or compensation of all officers and employees
of the municipality.

Defendant is called upon to vote upon matters which concern
his employment, including his own collective bargaining agree-
ment. He asserts that the commissioners' negotiating team
has handled the collective bargaining sessions and that he has
not participated with regard to same. However, it is not the
negotiations themselves which are determinative of the settle-
ment of the contracts with municipal employees, but the final
vote by the governing body. Whether defendant favors or
disfavors a salary increase, the budget must be approved by
three out of five of the commissioners. Defendant readily
admits that he will participate in this vote and, in fact, has
steadfastly refused to recuse himself.

Salary increments are governed by civil service guidelines.
However, the discretion concerning incremental salary increas-
es within the salary range is ultimately determined by defend-

ant's colleague and superior, Commissioner Vincent J. Frantantoni. The budgeted amount for Commissioner Frantantoni's department is consolidated and voted on by the entire governing body, including defendant.

The dual role of defendant poses the threat that he may fail to exercise impartiality and undivided loyalty to the public interest. That is, as a housing inspector, he is immediately subordinate to Commissioner Vincent J. Frantantoni, who is the director of the Department of Parks and Public Property. Although plaintiffs do not allege any specific instance of impropriety, the supervisory role of Commissioner Frantantoni over defendant creates the appearance that Commissioner Frantantoni could exercise influence over defendant in matters before the board of commissioners, using his supervisory role as leverage to do so. Plaintiffs contend that this deprives the public of the undivided loyalty of defendant or creates the appearance of same. Defendant is subject to the disciplinary authority of his colleague, while, at the same time, functioning as a member of the body which serves as the final step in the grievance procedure outlined in the past several collective bargaining agreements. Commissioner Frantantoni might take retaliatory action against defendant, by way of disciplinary action, because defendant did not vote as Commissioner Frantantoni desires. So, too, Commissioner Frantantoni might treat defendant in a preferential manner with regard to working conditions, hours of employment, or otherwise relaxed enforcement of the rules governing working conditions. Robert Domenick, defendant's immediate supervisor, is also an employee subject to the direction and supervision of Commissioner Vincent J. Frantantoni.

During normal working hours, there is a potential for incompatibility of duties. That is, defendant is responsible to work full time as a housing inspector yet he may be called upon periodically to perform some administrative functions as a

commissioner. This duality of roles could cause confusion and concern within the public eye.

In his capacity as a housing inspector, Commissioner Fornarotto routinely issues citations for violations against homeowners. Many of the citations are brought to the Belleville Municipal Court. Therefore, the municipal judge should recuse himself because "Inspector" Fornarotto was one of five members of the governing body which appointed the judge, thereby creating an appearance of impropriety if the judge were required, as he would be, to rule on a case and determine the credibility, involving a member of said governing body. Canon 1 of the *Code of Judicial Conduct* requires a judge to maintain high standards of conduct so that the integrity and independence of the judiciary may be preserved. Canon 2 requires a judge to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The commentary to canon 2 states:

Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny.

Would not a municipal judge have to recuse himself in a matter wherein one of the township commissioners who appointed him was a defendant? The answer is: of course.

Likewise, a defendant in municipal court, being prosecuted by a housing inspector who is also a member of the governing body which appointed the judge, could reasonably believe that the judge would tend to believe the prosecuting witness responsible for appointing the judge, rather than defendant.

In fact, the township attorney, after argument, informed the court that such a recusal has already taken place. The court need not determine whether it happened, or whether there were other reasons for the recusal but, merely, that plaintiff contends the potential for such an occurrence exists.

Therefore, the elected office of township commissioner is incompatible with the simultaneous position of housing inspector.

*Defendant Need Not Repay Any Remuneration.*

■   Since there is no evidence of bad faith by defendant, and considering that he had legal advice that he could hold the two positions, all that could be said of defendant's actions is that he may have exercised bad judgment. Therefore, the court finds no basis upon which to order him to repay any remuneration or benefits that he has received from his dual positions with the township.

*Conclusion.*

Since the court has determined that defendant holds two positions which are incompatible under the doctrine of incompatibility of offices, it will hold a hearing to determine whether it should: (1) declare vacant defendant's elected position as a commissioner; (2) require defendant to resign immediately as a housing inspector or be placed on leave of absence without pay subject to applicable laws and civil service regulations; or (3) permit defendant to elect which position he will vacate.

The court sets August 16, 1988 at 9:00 a.m. for this hearing.