

# The Attorney General of Texas

February 23, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Senate Committee on Jurisprudence
Texas State Senate
Austin, Texas    78711

Opinion No. MW-450

Re:  Whether duties of chief tax appraiser conflict with duties of member of state Property Tax Board

Dear Senator Mauzy:

You ask whether the chief appraiser of an appraisal district may legally serve on the State Property Tax Board. We understand that you are specifically concerned about whether either article XVI, section 40 of the Texas Constitution or the common law doctrine of incompatibility prevent a person from simultaneously holding both positions. We will focus exclusively on these questions.

We first look to article XVI, section 40. That provision states in pertinent part that, with numerous exceptions which are inapplicable here:

> No person shall hold or exercise at the same time,
> more than one civil office of emolument....

The key words in construing this provision are "office" and "emolument."

In the context of article XVI, section 40, the term "emolument" signifies a pecuniary profit, gain or advantage. Irwin v. State, 177 S.W.2d 970 (Tex. Crim. App. 1944). Section 5.01(1) of the Property Tax Code provides that:

> A member of the [State Property Tax Board] may not receive compensation for his service on the board but is entitled to reimbursement for actual and necessary expenses, as provided by legislative appropriation, incurred while on travel status in the performance of official duties.

Because a board member receives no compensation, but is only reimbursed for certain expenses incurred during the performance of his official duties, we conclude that no "profit, gain or advantage" inures to him by virtue of his position. Accordingly, he does not

hold an office "of emolument" within the meaning of article XVI, section 40. See, e.g., Attorney General Opinions MW-81, MW-21 (1979); compare Willis v. Potts, 377 S.W.2d 622 (Tex. 1964).

We therefore conclude that article XVI, section 40 does not bar a chief appraiser from serving on the State Property Tax Board.

We next consider the common law doctrine of incompatibility. There is a dearth of Texas cases dealing with this doctrine. In the few cases that have been decided, see, e.g., Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Pruitt v. Glen Rose Independent School District Number 1, 84 S.W.2d 1004 (Tex. 1935); Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927), the courts have merely concluded, without applying any particular test, that based on the facts before them, the positions in question either were or were not incompatible. This approach has resulted in a lack of clear guidance as to how to determine whether particular positions are in fact incompatible.

Cases from other jurisdictions are more helpful. In particular, Haskins v. Harrington, 516 P.2d 1171 (Wyo. 1973), which was relied on in Letter Advisory No. 114 (1975), contains a useful discussion of the doctrine of incompatibility. Among other authorities, Haskins cited volume 63, section 74 of American Jurisprudence 2d Public Officers and Employees:

> One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, and subject in some degree to the other's revisory power. Thus, two offices are incompatible where the incumbent of the one has the power of appointment to the other office or the power to remove its incumbent, even though the contingency on which the power may be exercised is remote.

The court also quoted from O'Connor v. Calandrillo, 285 A.2d 275, 277 (N.J. Super. 1971), affirmed, 296 A.2d 326 (N.J. Super. 1972):

> ...the common law doctrine of incompatibility has developed as a matter of public policy in order to insure that there be the appearance as well as the actuality of impartiality and undivided loyalty. [citation omitted]. Incompatibility exists 'where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.'... If the duties of the two offices are

> such that when 'placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible.' [citation omitted].

A shorthand formulation of these principles can be found in Letter Advisory No. 62 (1973):

> Offices are legally incompatible when the faithful and independent exercise of one would necessarily interfere with or control the faithful and independent exercise of the other. (Emphasis in original).

See also Letter Advisory No. 86 (1974).

Sections 6.01 et seq. of the Property Tax Code provide for appraisal districts. Each district is governed by a board of five directors. §6.03. The chief appraiser of an appraisal district is appointed by, and serves at the pleasure of, the district board of directors. §6.05.

The duties of chief appraisers are spelled out in various sections scattered throughout the Property Tax Code. Among other things, chief appraisers prepare a proposed budget for the operations of their appraisal district for each succeeding year. §6.06. They perform various administrative duties in connection with applications for tax exemptions. §11.44. They prepare appraisal records listing all taxable property in their district and its appraised value. §25.01. They also prepare and certify to the assessor for each taxing unit participating in their district that part of the appraisal roll for the district that lists property which is taxable by the unit. §26.01.

The duties and responsibilities of the State Property Tax Board are numerous, but may be generally summarized as follows: (1) promulgate rules establishing minimum standards for the administration and operation of appraisal district offices and uniform record systems, Property Tax Code sections 5.03(a), 5.07, 5.07(c); (2) conduct a valuation study for school district financing, Education Code section 11.80; (3) publish general and special appraisal manuals, a newsletter, and pamphlets discussing taxpayers' remedies, Property Tax Code sections 5.05(a), 5.06; (4) apportion the appraised value of railroad rolling stock and appraise the intangible values of certain transportation businesses, Property Tax Code sections 24.37, 24.01; see also section 31.09; and (5) develop educational materials and training programs; conduct, sponsor, or approve courses of instruction and training; and provide technical assistance, Property Tax Code sections 5.05(b), 5.04(a), 5.08(a), 5.08(b).

Our analysis of the duties and responsibilities of chief appraisers and members of the State Property Tax Board convinces us that under the tests set forth above, these positions are not legally incompatible. Chief appraisers are subject to the direction and control of their appraisal district's board of directors and the appraisal review board, not the Property Tax Board. The Property Tax Board has no authority to appoint or remove chief appraisers. The duties of the two positions do not clash, in our opinion, and are not such that "when placed in one person they might disserve the public interests." Haskins v. Harrington, supra. Put another way, the faithful and independent exercise of one position would not necessarily interfere with or control the faithful and independent exercise of the other. See Letter Advisory Nos. 86 (1974); 62 (1973).

Our conclusion is not altered by the fact that section 5.03(a) of the Property Tax Code directs the Property Tax Board to adopt rules establishing minimum standards for the administration and operation of appraisal districts, and that because of this a chief appraiser who is a member of the board will participate in developing standards which he will then follow when functioning as chief appraiser. First, the board of directors of the appraisal district, not the chief appraiser, is charged with the responsibility of implementing rules promulgated by the Property Tax Board. Second, as we have noted, chief appraisers are answerable to the appraisal district board of directors, not the Property Tax Board. Third, the Property Tax Board has no power to enforce its own rules; on the contrary, the power to force compliance with the rules of the Property Tax Board lies in the hands of taxing units, not the board itself. Property Tax Code §43.01.

We therefore conclude that the positions of chief appraiser of an appraisal district and member of the State Property Tax Board are not legally incompatible under the present statutory scheme.

## S U M M A R Y

Article XVI, section 40 of the Texas Constitution does not prohibit a chief appraiser of an appraisal district from serving on the State Property Tax Board. The positions of chief appraiser and member of the Property Tax Board are not legally incompatible.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

p. 1554

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger