EDMUND A. JONES, ARNOLD B. COHEN, AND STATE OF NEW JERSEY, *EX REL.*, EDMUND A. JONES AND ARNOLD B. COHEN, PLAINTIFFS-RESPONDENTS, v. FRANK E. MacDONALD, DEFENDANT-APPELLANT.

Argued April 26, 1960—Decided June 28, 1960.

Mr. *Frederick A. Onore* argued the cause for appellant (*Mr. Sanford C. Vogel,* on the brief).

Mr. *Richard H. Thiele, Jr.,* argued the cause for respondents (*Messrs. Pincus, Shamy & Sheehan,* attorneys; *Messrs. Richard H. Thiele, Jr.* and *Robert W. Hallgring,* on the brief).

The opinion of the court was delivered by

WEINTRAUB, C. J.   The question is whether defendant may lawfully be both a member of the Somerset County Board of Taxation and a Councilman of the Borough of North Plainfield. The trial court held he may not. From the resulting judgment declaring his office of councilman vacated, defendant appealed, and we certified the matter on our motion before the Appellate Division considered it.

There being no applicable statutory or constitutional provision, we are concerned with the common-law doctrine pro-

hibiting dual holding of incompatible offices. The outer reaches of the doctrine are not easily delineated. Courts "are prone to avoid the formulation of a general definition and content themselves with the discussion of specific cases and particular facts * * *." 42 *Am. Jur., Public Officers,* § 70, *p.* 935. We so approach this matter. Indeed we are mindful of other litigation awaiting argument before us and hence it is particularly appropriate to decide no more than this case requires.

Public policy demands that an office holder discharge his duties with undivided loyalty. The doctrine of incompatibility is intended to assure performance of that quality. Its applicability does not turn upon the integrity of the person concerned or his individual capacity to achieve impartiality, for inquiries of that kind would be too subtle to be rewarding. The doctrine applies inexorably if the offices come within it, no matter how worthy the officer's purpose or extraordinary his talent. *DeFeo v. Smith,* 17 *N. J.* 183, 188 (1955).

Defendant appears to urge the doctrine is not offended because the office of councilman is local whereas his office in the county board, as held in *Warren v. Hudson County,* 135 *N. J. L.* 178, 180 (*E. & A.* 1947), is a state one. The distinction is not pertinent. A municipality, as a body politic, is itself an agency of the State, *Bergen County v. Port of New York Authority,* 32 *N. J.* 303, 312 (1960), and hence the borough is not materially dissimilar from the county board in that respect. More importantly, the division of government for the purpose of home rule does not insulate the public from the injury occasioned by dual holding of incompatible offices. The public interest is equally evident whether the offices be both local or state or one of each. Hence in *DeFeo v. Smith, supra,* the doctrine was applied although the officer was a member of the county tax board and a member of the county board of chosen freeholders.

In *DeFeo* (17 *N. J.*, at *p.* 186), we quoted the following from *State ex rel. Clawson v. Thompson*, 20 *N. J. L.* 689 (*Sup. Ct.* 1846) :

"* * * 'Where there is no express [constitutional or statutory] provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person; or when they cannot be executed with care, and ability ; or where one is subordinate to, or interferes with another, *Bac. Abr. Tit. "Office" K.'* "

The question here is whether incompatibility inheres in the rights, duties or obligations of the offices. The county board of taxation is an agency of the State to enforce its tax statutes. Defendant says that a councilman has no role with respect to assessments for taxation since that duty is the assessor's and the assessor is elected and legally beyond the supervision and control of the governing body. If we assumed the assessor is immune from the will or wishes of the governing body, the inquiry would not end. The municipality itself has a statutory role with respect to tax proceedings before the county board of taxation and it is in that area that defendant may find himself drawn in opposite directions.

Appeals from individual assessments may be prosecuted by the taxpayer or by the municipality. *N. J. S. A.* 54:3–21. Whether to resist a taxpayer's appeal or to prosecute one for the municipality is within the discretion of the municipality. As a member of the county board, defendant would sit in review of his own decision as a member of the borough's governing body. Defendant would then review his action as a member of the county board in determining whether the municipality should appeal from the board's judgment. *N. J. S. A.* 54:2–35. A municipality may ask the county board to add omitted property, *N. J. S. A.* 54:4–63.13, in which situation defendant would pass upon the request his council initiated. Finally, the county board has the im-

portant duty to equalize the aggregates of real property in fixing the apportionment basis for allocating the cost of county government among the municipalities. (The pertinent statutory provisions are discussed in *City of Passaic v. Passaic County Board of Taxation,* 31 *N. J.* 413 (1960)). This particular duty of the county board has been of extreme importance in recent years and the source of much litigation. The stakes are high. Each municipality is vitally concerned. Defendant could find himself burdened with both a duty to press the position of his municipality and a duty to review that position, and again thereafter to decide as councilman whether the municipality should appeal from the county board's action. *N. J. S. A.* 54:2–37.

The demands of the two offices are antagonistic in the area just described. Nonetheless defendant stresses the phrase, "where one is subordinate to * * * another," in the excerpt above from *DeFeo* and urges accurately that here neither office is subordinate to the other in any sense of direct supervision. Of course subordination clearly evidences incompatibility, *cf. Lofland v. Hilton,* 80 *N. J. L.* 528 (*Sup. Ct.* 1910), even if the subordination is less than complete, as for example if the incumbent of one office may vote for an appointee to the other, *Wescott v. Scull,* 87 *N. J. L.* 410, 418 (*Sup. Ct.* 1915), or if the fiscal needs of one office are within the control of the other, *DeFeo v. Smith, supra.* But the doctrine of incompatibility is not limited to instances of subordination as the quotation from *DeFeo* plainly reveals. See also *Throop, Public Officers,* (1892), § 33, *pp.* 37–38. If the duties of office clash in their demands with the result that the incumbent must choose between them, the public interest is violated. An officer cannot serve two masters with conflicting statutory roles. Such is the present case. The municipality is a litigant before the county board. It would offend propriety for a man to sit in judgment of his own cause. The offense is no less when a man sits in judgment of the cause of his principal. The roles of suitor and judge being inherently

inconsistent, they cannot be executed by the same person. Here that inconsistency is not some accidental fortuitous affair; it is inherent in the statutory scheme itself.

It is no answer to say that the conflict in duties outlined above may never in fact arise. It is enough that it may in the regular operation of the statutory plan. "If the duties are such that placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible." *DeFeo, supra* (17 *N. J.,* at *p.* 189). See *Wescott v. Scull, supra* (87 *N. J. L.,* at *p.* 418). Nor is it an answer to say that if a conflict should arise, the incumbent may omit to perform one of the incompatible roles. The doctrine was designed to avoid the necessity for that choice. "It is immaterial on the question of incompatibility that the party need not and probably will not undertake to act in both offices at the same time. The admitted necessity of such a course is the strongest proof of the incompatibility of the two offices." 42 *Am. Jur., Public Officers,* § 70, *p.* 936.

Finally, defendant insists this suit was not instituted "within 45 days of the accrual of the right to such review, hearing or relief." *R. R.* 4:88–15(*a*). We gather defendant would measure the time from the day he assumed office as a member of the county board. But his assumption of that office did not in itself constitute a public wrong. At that juncture, there was nothing to complain about. The public wrong arose from the subsequent claim to the vacated office of councilman. What defendant really urges is that an unlawful claim to office should pass beyond judicial cognizance 45 days after such private action. Quite obviously, title to public office cannot be acquired by some sort of prescriptive right under the cited rule. To put it another way, each purported exercise of the right of office by one without title to it constitutes a fresh wrong. *Cf. Meyers v. Borough of East Paterson,* 37 *N. J. Super.* 122, 128 (*App. Div.* 1955), affirmed 21 *N. J.* 357 (1956). In any event,

the interest of justice quite manifestly supported an enlargement of time under subsection "c" of the cited rule.

The judgment is accordingly affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.