691 A.2d 859

FAIR LAWN RETIRED POLICEMEN, PLAINTIFF–APPEL-LANT/CROSS–RESPONDENT, v. BOROUGH OF FAIR LAWN, DEFENDANT–RESPONDENT/CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1997—Decided April 11, 1997.

Before Judges PETRELLA, LANDAU and WALLACE.

*John Patrick Oroho* argued the cause for appellant/cross-respondent Fair Lawn Retired Policemen (*Sabbath, Struble, Ragno, Petrie, Oroho, Spinato & Bonanno,* attorneys; *Mr. Oroho,* on the brief).

*Richard A. Lustgarten* argued the cause for respondent/cross-appellant Borough of Fair Lawn (*Mr. Lustgarten,* Borough Attorney, on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

This is an appeal and cross appeal from a Law Division order dated May 16, 1996 striking down, as violative of *N.J.S.A.* 40A:10–23, a 1988 Borough of Fair Lawn ordinance which established a multi-tiered plan for sharing cost of medical insurance coverage with its retirees. The trial court reinstated a 1977 ordinance which had provided a 50%-of-premium payment for its retired employees.

Plaintiff, Fair Lawn Retired Policemen (FLRP), an unincorporated association of former policemen who retired prior to 1988, appeals, disputing this disposition. Defendant, Borough of Fair Lawn (Borough) cross appeals, contending that the court erred in holding that the 1988 ordinance was invalid in derogation of *N.J.S.A.* 40A:10–23.

Ordinance No. 1077, adopted March 25, 1975, provided in part that employees who retired or terminated employment after a minimum of twenty years service were entitled to continue "with the same hospitalization, medical, and major medical coverage plan or plans as provided by the Borough for active employees, provided however, that the cost will be shared on a 50–50 basis."

In 1979, the Legislature adopted c. 230, embodied in *N.J.S.A.* 40A:10–1 to –34. *N.J.S.A.* 40A:10–16 to –25 incorporated guidelines for municipalities and counties participating in group insurance programs. *N.J.S.A.* 40A:10–23 provides:

Retired employees shall be required to pay for the entire cost of coverage for themselves and their dependents at rates which are deemed to be adequate to cover the benefits, as affected by Medicare, of the retired employees and their dependents on the basis of the utilization of services which may be reasonably expected of the older age classification; provided, however, that the total rate payable by a retired employee for himself and his dependents, for coverage under the contract and for Part B of Medicare, shall not exceed by more than 25% the total amount that would have been required to have been paid by the employee and his employer for the coverage maintained had he continued in office or active employment and he and his dependents were not eligible for Medicare benefits.

The employer may, in its discretion, assume the entire cost of such coverage and pay all of the premiums for employees who have retired on a disability pension or after 25 years' or more service with the employer, or have retired and reached the age of 62 or older with at least 15 years of service with the employer, including the premiums on their dependents, if any, under uniform conditions as the governing body of the local unit shall prescribe.

In December 1988, the Borough adopted Ordinance No. 1414–88, amending Ordinance No. 1077. The new ordinance established four categories of health benefits payments:

1. Any full time employee who retired prior to December 31, 1987, shall be entitled to benefits, with costs shared on a 50–50 basis.[1]

2. "Any full-time employee of the Borough who has *not* terminated employment or retired as of December 31, 1987 and who meets the other requirements of this ordinance shall receive the benefits as set forth in this section, and same shall be paid entirely by the Borough."

3. "Any full-time employee of the Borough who was *hired* on or between January 1, 1988 to April 25, 1988, shall receive the benefits herein if the full time employee meets all the requirements and the Borough shall pay for same."

4. "The [retirement medical] benefits set forth in the ordinance shall not be available to any full, part-time or temporary employee hired by the Borough on or after April 26, 1988, and the Borough shall not be liable or responsible for providing same."

Plaintiff's complaint filed in the Chancery Division on August 24, 1992, was transferred on January 26, 1993 to the Law Division. The complaint alleged that the "present policy of Fair Lawn with respect to medical coverage for eligible retirees does not conform to the requirements of *N.J.S.A.* 40A:10–23." Plaintiff's motion for partial summary judgement was denied on September 10, 1995, and on September 13, 1995, the complaint was dismissed without

---

[1] As noted above, *all* plaintiffs in this matter retired *prior* to 1988.

prejudice in order to afford the Public Employment Relations Commission (PERC) the opportunity to resolve the matter. PERC found that its scope of negotiation or unfair practice jurisdiction was not triggered, and declined to accept the case. The case was restored to the Law Division calendar.

In a letter opinion of April 15, 1996, the judge ruled that portions of Ordinance No. 1414–88 violated *N.J.S.A.* 40A:10–23 and must be stricken. He concluded that "all retirees must receive the same treatment regarding payment for health premiums after retirement," and that "all retirees are limited to the payment of 50% of their health care premiums by the Borough of Fair Lawn." The judge also held that while the Borough could amend the ordinance to provide for a higher share of health premium payment, it must be uniform as to *all* retirees and also must require a minimum of twenty-five years service rather than the twenty years of service set forth in the 1988 ordinance.

■ We believe that it is possible to read Ordinance No. 1414–88, as it affects the majority of plaintiff's group, consistently with *N.J.S.A.* 40A:10–23. We therefore reverse all but the requirement for twenty-five years of service contained in the May 16, 1996 order.

In *Gauer v. Essex County Division of Welfare,* 108 *N.J.* 140, 528 *A.*2d 1 (1987), the Court considered a suit by retired employees who had worked for the previously independent Essex County Welfare Board which became the County Division of Welfare as the result of a major reorganization of county government. Plaintiffs had been receiving certain benefits for ten years prior to an Essex County resolution, which discontinued benefits for the retired Welfare Board employees.

Relying on *N.J.S.A.* 40A:10–23, Essex County contended that upon its reorganization it was required to provide uniform benefits for all employees including the retired Board employees. The Court considered "whether any group of county employees is uniquely or specially situated so that particularized treatment may

be accorded such employees without violating the [*N.J.S.A.* 40A:10–23] uniformity standard." *Id.* at 147, 528 *A.*2d 1. It held that while it may be justifiable to withhold benefits from employees hired after reorganization "whose terms and conditions of employment, including compensation and retirement benefits, would be governed by their employment contract", it was not proper to rescind the benefits as applied "to former employees who had been hired—and/or retired—by the predecessor agency under different employment conditions." *Id.* The Court further explained:

> Employees who worked for the former Board as well as the successor Division were hired and/or served out their employment and retired under a particular compensation scheme governing their employment. They stand on a distinctively different footing from any employees who were thereafter hired or continued to be employed up to the point of retirement under a different compensation/benefit scheme.... To the extent that the County employment scheme later deleted insurance cost benefits to employees of the Division, such latter employees were simply governed by a different condition of employment.
>
> [*Id.* at 148, 528 *A.*2d 1.]

■ "We must interpret statutes in accordance with their plain meaning." *Fisch v. Bellshot,* 135 *N.J.* 374, 383, 640 *A.*2d 801 (1994). In construing a statute, our fundamental duty is to effectuate the intent of the Legislature considering the language used and the objectives sought to be achieved. *Merin v. Maglaki,* 126 *N.J.* 430, 435, 599 *A.*2d 1256 (1992); *see also Jacobitti v. Jacobitti,* 135 *N.J.* 571, 579–80, 641 *A.*2d 535 (1994); *Lesniak v. Budzash,* 133 *N.J.* 1, 8, 626 *A.*2d 1073 (1993). Legislative policy, related legislation, legislative history and "the common sense of the situation" may be considered to resolve ambiguity. *MCG Associates v. Department of Environmental Protection,* 278 *N.J.Super.* 108, 119–120, 650 *A.*2d 797 (App.Div.1994). It is evident that the Borough was attempting, by its 1988 ordinance, to conform with applicable collective negotiation agreements. To the extent it is possible to do so, we should endeavor to construe the ordinance to carry out that purpose, provided this may be done under *N.J.S.A.* 40A:10–23. As regards employees who worked and retired under different compensation/benefit conditions, the

ordinance continues to give effect to the scheme in effect at their retirement. Those retired former employees "stand on a distinctively different footing from any employees who were thereafter hired or continued to be employed up to the point of retirement under a different compensation/benefit scheme." *Gauer, supra,* at 148, 528 *A.*2d 1. They constitute "a distinct group." *Id.*

It does not appear that the 1988 ordinance, adopted to conform to the collective negotiation agreements, was intended to result in altering rights of already retired employees, whether by increase or decrease.

Thus, we construe the portions of the 1988 ordinance which deal with the contribution to benefits for the retired employees represented by plaintiff FLRP to be valid, save for the provision requiring only twenty years of service, which conflicts with the twenty-five year requirement of *N.J.S.A.* 40A:10–23. To the extent there may be some retiree in the FLRP group who retired under the 1975 ordinance with only twenty years of service, and who did so prior to enactment of *N.J.S.A.* 40A:10–23, we hold that *Gauer* protects them against retroactive modification of the fifty percent premium payment program. As to non-disabled retirees with less than twenty-five years of service who retired subsequent to enactment of *N.J.S.A.* 40A:10–23, provision of a fifty percent payment is *ultra vires* and in derogation of the statute, unless they had reached the age of sixty-two with fifteen years of service with the employer at retirement.

■ We add that, given the wholly permissive nature of municipal assumption of insurance costs under *N.J.S.A.* 40A:10–23, *see Gauer, supra,* at 149, 528 *A.*2d 1, we find no logical reason to hold that the legislature intended to restrict municipalities to an all or nothing election respecting employees with twenty-five years or more of service. If a municipality may freely decide under the statute to "assume the entire cost of such coverage" or not to do so, we see no reason why it cannot elect (or agree) to assume a portion of such cost.

To the extent that the appeal and cross-appeal raise issues which affect contributions made or not made for Borough employees or retirees who do not fall within the group represented by the FLRP, we do not deem it appropriate to reach a decision binding upon such persons absent their participation in the litigation through a suitable representative. As we read the transcript of the judge's decision, it is evident that he did not intend to do so. Accordingly, while we reverse the order and judgment heretofore entered, thereby leaving intact the 1988 ordinance, we rule only with respect to the rights of the FLRP group.