990 A.2d 693 (2010)
412 N.J. Super. 328
POINT PLEASANT BOROUGH PBA LOCAL #158, Richard L. Fennessy, Robert J. Wells, Sr., and Lewis E. Thompson, Plaintiffs-Appellants,
v.
BOROUGH OF POINT PLEASANT, and Borough of Point Pleasant Council, Defendants-Respondents.
DOCKET NO. A-4416-08T2.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 2009.
Decided March 24, 2010.
*694 David J. DeFillippo, Red Bank, argued the cause for appellants (Klatsky Sciarrabone & DeFillippo, attorneys; Mr. DeFillippo, of counsel and on the brief).
Jerry J. Dasti, Forked River, argued the cause for respondents (Dasti, Murphy, McGuckin, Ulaky, Cherkos & Connors, attorneys; Mr. Dasti, of counsel and on the brief with Christopher K. Koutsouris).
Before Judges CUFF, PAYNE and MINIMAN.
The opinion of the court was delivered by
PAYNE, J.A.D.
This matter requires us to determine the effect of N.J.S.A. 40A:10-23, governing the discretionary payment by the employer of premiums for health benefits coverage following retirement, upon the Borough of Point Pleasant's Ordinance § 14-19, which also concerns the same subject matter, and Article X of the Collective Negotiations Agreement (CNA)[1] entered between the Borough of Point Pleasant and the Patrolmen and Sergeants of the Point Pleasant Borough Policemen's Benevolent Association (PBA) Local No. 158, governing payments for hospital and medical insurance.
*695 N.J.S.A. 40A:10-23, as amended in 1995, provides in relevant part:
Retired employees shall be required to pay for the entire cost of coverage for themselves and their dependents....
The employer may, in its discretion, assume the entire cost of such and pay all of the premiums for employees ... b. who have retired after 25 years or more of service credit in a State or locally administered retirement system and a period of service of up to 25 years with the employer at the time of retirement, such period of service to be determined by the employer and set forth in an ordinance or resolution as appropriate... including the premiums on their dependents, if any, under uniform conditions as the governing body of the local unit shall prescribe.
Prior to the 1995 amendment, N.J.S.A. 40A:10-23 provided:
The employer may, in its discretion, assume the entire cost of such coverage and pay all of the premiums for employees who have retired on a disability pension or after 25 years or more service with the employer, or have retired and reached the age of 62 or older with at least 15 years of service with the employer, including the premiums on their dependents, if any, under uniform conditions as the governing body of the local unit shall prescribe.
Thus, before the 1995 amendments, the "statute expressed a clear legislative intention to require twenty-five years of service with the employer in order for the employer to grant discretionary health benefits to an employee who had not reached the age of sixty-two." Middletown Twp. PBA Local 124 v. Twp. of Middletown (Middletown II), 193 N.J. 1, 13, 935 A.2d 516 (2007). In amending the statute, "the Legislature eliminated the requirement of `a period of twenty-five years or more served with the employer' and replaced it with twenty-five years or more service `credit' in a state or local retirement system, including some period with the employer at retirement." Id. at 14, 935 A.2d 516.
[T]he legislative history of the amendment removes doubt as to the meaning of the statute: "to broaden the categories of employees for whom a local government could choose to pay health benefits after retirement," including "employees who have aggregated sufficient service credits in one or more State or locally administered retirement systems."
[Id. at 14-15, 935 A.2d 516 (quoting Assembly Local Gov. Comm. Statement to Assembly Bill No. 2588, L. 1995, c. 136 (Mar. 27, 1995)).]
In 1994, one year prior to the passage of the amendment to N.J.S.A. 40A:10-23, the Borough of Point Pleasant enacted Ordinance § 14-19, governing retirement benefits, which in its present form states in relevant part:
14-19.1 Insurance Coverage.
a. In the event that an employee being at least sixty-five (65) years of age retires by filing for pension benefits after having completed at least thirty (30) years of full-time service with the Borough, said retiree shall receive paid medical, prescription and dental insurance coverage for himself/herself for life....
b. In the event that an employee not having attained the age of sixty-five (65) years retires by filing for pension benefits after having completed at least thirty-five (35) years of full time service with the Borough, said retiree shall be entitled to paid medical insurance benefits for himself/herself and *696 his/her spouse ... until the sixty-fifth (65th) birthday of said retiree....
c. In the event that an employee retires by filing for pension benefits and has not completed thirty-five (35) years of full time service and is not sixty-five (65) years of age with at least thirty (30) completed years of full time service said retiree may continue, at his/her own expense and upon repayment to the Borough, medical, dental or prescription coverage as chosen at the time of retirement at the group rate which is applicable and currently costing the Borough....
The length of service provisions of the ordinance were not modified after the amendment of N.J.S.A. 40A:10-23.
Article X of the CNA between the Borough of Point Pleasant and the PBA, effective January 1, 2006 through December 31, 2009, provides: "Hospital and medical insurance shall be provided by the Employer as set forth from time to time in the Ordinances of the Borough of Point Pleasant except as specifically modified by this Agreement." The CNA effective from January 1, 2002 through December 31, 2005 contained identical language. No contractual modification was contained in either agreement.
By letter dated August 28, 2008 from counsel for the Point Pleasant PBA to counsel for the Borough of Point Pleasant, the PBA called attention to an alleged conflict between Borough Ordinance § 14-19.1 and N.J.S.A. 40A:10-23, stating that, in accordance with the statute "the maximum number of actual years of service which Point Pleasant may require as a prerequisite for post-retirement medical benefits is 25 years." The PBA requested that the Borough "take immediate steps to amend [its] ordinance so as to bring it into compliance with N.J.S.A. 40A:10-23." It was noted that there were several officers who had completed at least twenty-five years of actual service and had been "improperly deprived of their entitlement to post-retirement medical benefits."
On September 19, 2008, counsel for the Borough responded. He stated:
It is our opinion that N.J.S.A. 40A:10-23 clearly provides discretion to the Borough as to whether it wishes to adopt an ordinance providing for post-retirement medical benefits and under those circumstances provides a minimum year of service [sic] before which an employee is not entitled to post-retirement medical benefits being paid for [by] the Borough.
Accordingly, counsel declared that the Borough's ordinance was in compliance with the statute. He stated further that the Borough did not "intend to modify or amend the ordinance to provide that the Borough will be responsible for post-retirement medical benefits for employees with 25 years of service with the Borough and 25 years of service credit in a State or locally administered retirement system."
On October 6, 2008, an action in lieu of prerogative writs was filed, naming as plaintiffs PBA Local # 158 and three retired police officers affected by Ordinance § 14-19.1, Richard L. Fennessy, Robert J. Wells, Sr., and Lewis E. Thompson. In November 2008, plaintiffs moved for summary judgment. The motion was heard on stipulated facts that included the service histories of the three individual police officer plaintiffs. The stipulation established that Fennessy retired on October 1, 2001 at the age of fifty-one, with thirty years of Borough service; Wells retired on June 1, 2008 at the age of fifty-five, with twenty-eight years of Borough service; and Thompson retired on May 31, 2001 at the age of fifty-two, with twenty-nine years and nine months of Borough service.
*697 Plaintiffs' motion was denied in a letter opinion dated March 9, 2009. In it, the judge rejected the Borough's challenge to the timeliness of the prerogative writs action, which had not been commenced within forty-five days of the accrual of a right to review as required by Rule 4:69-6(a). He held, pursuant to the relaxation provision contained in Rule 4:69-6(c), that "the issue of taxpayer contributions to a municipality's payment of post-retirement medical benefits without cost to the employee is an important public rather than private interest which requires adjudication clarification." However, the judge rejected the merits of plaintiffs' position, determining that the Borough retained the authority under the governing statute and prior case law to condition municipal payment of medical expense premiums on thirty-five years of service with the employer for employees who retired before the age of sixty-five.
It was evident from the judge's opinion that, if the Borough had sought summary judgment, it would have been granted. Accordingly, to avoid the necessity of such a motion, the parties agreed to the dismissal of plaintiffs' action with prejudice, subject to the right of appeal. This appeal followed.

I.
Rule 4:69-6(a) provides, with certain exceptions that are not relevant here, that actions in lieu of prerogative writs must be commenced no later "than 45 days after the accrual of the right to the review, hearing or relief claimed." However, paragraph (c) of that rule permits enlargement of that period by the court "where it is manifest that the interest of justice so requires." In construing paragraph (c), the Supreme Court has stated:
This Court previously has defined three general categories of cases that qualify for the "interest of justice" exception: "cases involving (1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975). The Court has added that one of the "[o]ther factors that will ordinarily guide courts include[s] whether there will be a continuing violation of public rights." Reilly v. Brice, 109 N.J. 555, 559, 538 A.2d 362 (1988) (citing Jones v. MacDonald, 33 N.J. 132, 138, 162 A.2d 817 (1960)). Balanced against those interests "is the important policy of repose expressed in the forty-five day rule. The statute of limitations is designed to encourage parties not to rest on their rights." Ibid.

[Borough of Princeton v. Bd. of Chosen Freeholders of County of Mercer, 169 N.J. 135, 152-53, 777 A.2d 19 (2001).]
As we stated previously, the motion judge found that the matter in issue raised important public issues that required adjudication. We agree, determining that the public has a significant interest in ensuring that its municipal ordinances are consonant with state law, that public funds are properly utilized, and that municipal employees are accorded the rights upon retirement for which they have bargained or they are otherwise entitled to receive. We note in this regard that, at oral argument, plaintiffs' counsel agreed that any relief that we might order would be retroactive only to the date that the complaint was filed in this matter, thereby lessening any financial impact that a ruling in plaintiffs' favor might have on the public fisc. In these circumstances, we find no abuse of discretion on the part of the motion judge in determining to relax the filing period *698 set forth by court rule. Reilly v. Brice, 109 N.J. 555, 560, 538 A.2d 362 (1988) (establishing standard of review as abuse of discretion). Having found reason to invoke Rule 4:69-6(c), we decline to dismiss this action on the alternative bases of laches and estoppel proposed by the Borough.

II.
We thus turn to the merits of this dispute, a purely legal issue of statutory interpretation for which no deference to the trial court is required. Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). Our interpretation of N.J.S.A. 40A:10-23 is informed by rules of statutory construction that first require us to examine the plain meaning of the provision in issue. Middletown II, supra, 193 N.J. at 12, 935 A.2d 516 (citing State v. Hoffman, 149 N.J. 564, 578, 695 A.2d 236 (1997); State v. Szemple, 135 N.J. 406, 421, 640 A.2d 817 (1994); Merin v. Maglaki, 126 N.J. 430, 434, 599 A.2d 1256 (1992); Renz v. Penn Cent. Corp., 87 N.J. 437, 435 A.2d 540 (1981)). If the statutory language is clear, we must enforce the statute as written. Ibid. (citing Phillips v. Curiale, 128 N.J. 608, 618, 608 A.2d 895 (1992)). Only if the statute is silent or ambiguous may we look at extrinsic evidence, including legislative history. Ibid. (citing Hoffman, supra, 149 N.J. at 578, 695 A.2d 236; Szemple, supra, 135 N.J. at 422, 640 A.2d 817). Then, our primary task becomes effectuating the Legislature's intent "in light of the language used and the objects sought to be achieved." Hoffman, supra, 149 N.J. at 578, 695 A.2d 236.
The portion of N.J.S.A. 40A:10-23 at issue in this litigation is part b., applicable to employees who are less than sixty-two years of age when they retire. That provision requires (1) "25 years or more of service credit in a State or locally administered retirement system" and (2) "a period of service of up to 25 years with the employer at the time of retirement." (Emphasis supplied.) The act establishing the Police and Firemen's Retirement System (PFRS) defines service credit or "creditable service" in N.J.S.A. 43:16A-1(8) as service rendered for which credit is allowed as provided under N.J.S.A. 43:16A-4. The latter statute, in turn, defines as creditable service "service as a policeman or fireman paid for by an employer, which was rendered by a member [of PFRS] since that member's enrollment." Each of the individual plaintiffs in this case meets this qualification, since each has more than twenty-five years of service credit as a policeman as the result of his employment by the Borough of Point Pleasant. Additionally, each more than satisfies the requirement of up to twenty-five years of service with the employer, the Borough. As the Supreme Court stated in Middletown II, "N.J.S.A. 40A:10-23 provides that an employee who is retired with any combination of service and credit will meet the twenty-five year threshold for discretionary health benefits." 193 N.J. at 15, 935 A.2d 516. Thus, statutory requirements have been met in this case. Middletown II makes it clear that it is irrelevant that plaintiffs' service credits and service with the Borough coincide.
The issue then becomes whether, as a matter of discretion, Point Pleasant may change the statutory threshold for retirees under the age of sixty-five by not considering service credits at all and by requiring a thirty-five year period of full time service with the Borough as a condition of receipt of paid medical insurance benefits up to the age of sixty five. Point Pleasant argues that such discretionary action is lawful under precedent established in Fair Lawn Retired Policemen v. Borough of *699 Fair Lawn, 299 N.J.Super. 600, 691 A.2d 859 (App.Div.), certif. denied, 151 N.J. 75, 697 A.2d 547 (1997). However, the decision in that case turned on a construction of the requirement of N.J.S.A. 40A:10-23 that the cost of coverage be assumed "under uniform conditions." In Fair Lawn, the Borough established categories of employees for payment purposes, agreeing to pay full, one-half or no benefits to retirees with a minimum of twenty years of service depending on the date of retirement or date of hire. We found that, in establishing the categories, the Borough was attempting to conform to applicable collective negotiation agreements, Fair Lawn, supra, 299 N.J.Super. at 605, 691 A.2d 859, and we found that it was proper to consider separately employees who worked and retired under different compensation/benefit conditions, id. at 605-06, 691 A.2d 859. We observed:
[G]iven the wholly permissive nature of municipal assumption of insurance costs under N.J.S.A. 40A:10-23 ... we find no logical reason to hold that the legislature intended to restrict municipalities to an all or nothing election respecting employees with twenty-five years or more of service. If a municipality may freely decide under the statute to "assume the entire cost of such coverage" or not to do so, we see no reason why it cannot elect (or agree) to assume a portion of such cost.
[Id. at 606, 691 A.2d 859.]
This aspect of our opinion affirmed only the existence of municipal discretion in establishing the quantum of payment offered by it. Significantly, we found that portion of the ordinance requiring only twenty years of service to conflict with the twenty-five year actual service requirement of the pre-1995 version of N.J.S.A. 40A:10-23. Id. at 606, 691 A.2d 859. We held: "As to non-disabled retirees with less than twenty-five years of service who retired subsequent to enactment of N.J.S.A. 40A:10-23, provision of a fifty percent payment is ultra vires and in derogation of the statute, unless they had reached the age of sixty-two with fifteen years of service with the employer at retirement." Ibid. Thus, we did not permit the service requirements of a municipal ordinance to diverge from statutory requirements, and when they did so, we declared them to be ultra vires.
Similarly, in Middletown II, when construing the provision of the current N.J.S.A. 40A:10-23 requiring "a period of up to 25 years with the employer," the Court said the statute
empowers the municipality to set a minimum period of service of up to twenty-five years within its own jurisdiction, if it chooses.... [T]he requirement of an ordinance or resolution is linked only to the establishment of a threshold. It is entirely up to the employer to decide what, if any, threshold should apply up to twenty-five years. The employer has absolute hegemony over the issue.
[193 N.J. at 15, 935 A.2d 516 (emphasis supplied).]
Nothing in the Middletown II decision suggests that a municipality, in its discretion, can exceed in its requirements the statutory twenty-five year actual service period.
We recognize that Middletown II arose in the different procedural context of a challenge to an arbitrator's interpretation of N.J.S.A. 40A:10-23, and particularly to the arbitrator's determination that the municipality's adoption of labor agreements that did not specify the length of municipal service required of its retired police officers compelled it to accept as sufficient any combination of service credits and actual service that totaled twenty-five years. We recognize further that the standard of *700 review of the arbitrator's determination was whether it was reasonably debatable. Thus, it can be argued that Middletown II can be read as offering a permissible interpretation of N.J.S.A. 40A:10-23, but not a definitive one.
However, our close reading of the Middletown II opinion discloses no language that would suggest the Court's disagreement with the arbitrator's statutory interpretation or an alternative construction of the statutory language. Moreover, we find that interpretation to be consistent with the plain meaning of the statute, and to the extent any ambiguity may exist, consistent with the Legislature's goals as set forth when the statute was amended in 1995. We thus interpret the portion of N.J.S.A. 40A:10-23 at issue in this case to require at least 25 years of creditable service, with some of that service performed for the employer, in this case, the Borough of Point Pleasant. Although Point Pleasant could have specified the amount of service with the Borough that was required within the period of "up to 25 years" set forth in the statute, it failed to do so, and thus, as in Middletown II, any length of service with the Borough would suffice. See Middletown II, supra, 193 N.J. at 15-16, 935 A.2d 516. However, the fact of the Borough's failure to enact an ordinance that conforms in this respect to the statute's grant of discretionary power is irrelevant in the present case, since all of the individual plaintiffs had actually served more than twenty-five years with the Borough and had thus met the statutory maximum.
As we have noted, Ordinance § 14-19.1 as presently enacted, does not comply with the length of service terms of N.J.S.A. 40A:10-23 because it exceeds those statutorily set forth. Similarly, because the CNA incorporates Ordinance § 14-19.1 by reference, it is likewise statutorily noncompliant. In Middletown Policeman's Benevolent Ass'n Local No. 124 v. Twp. of Middletown (Middletown I), 162 N.J. 361, 744 A.2d 649 (2000), the Supreme Court discussed a similar situation in which the CNA between the Township and the PBA failed to comply with the pre-1995 version of N.J.S.A. 40A:10-23. In Middletown I, the CNA was overly generous, providing paid medical benefits to all retirees, regardless of the length of service, despite statutory language requiring twenty-five years of actual service with the employer. Significantly, the Court held:
the Agreement between the PBA and the Township offered continued health benefits "to all employees who have retired." That contract, therefore, did not comply with the terms of N.J.S.A. 40A:10-23, because it permitted (in fact, required) benefits to be paid to employees who had not completed twenty-five years of "service" and therefore was ultra vires.

[162 N.J. at 370-71, 744 A.2d 649.]
In Middletown I, the Court found the CNA to be ultra vires in a secondary sense, and thus applied equitable principles to estop the Township from terminating the benefits of a retiree whose determination to retire was premised upon assurances that free lifetime health care would be provided.[2]Id. at 371-73, 744 A.2d 649. However, here, where the ordinance is more restrictive than the governing statute allows, equitable considerations do not come into play. What is significant to the present case is the holding *701 of Middletown I that a CNA that fails to comply with state law is ultra vires. See also Middletown II, supra, 193 N.J. at 13-14 and 17, 935 A.2d 516 (discussing this aspect of Middletown I). Ordinance § 14-19.1 is similarly noncompliant, since its effectiveness does not turn on the amount of service credit obtained by the potential retiree and turns on actual service periods that exceed those set forth in N.J.S.A. 40A:10-23. It is thus likewise ultra vires.
Accordingly, we reverse the judgment entered in the trial court, void Ordinance § 14-19.1 in its present form,[3] order that the Borough assume the cost of medical expense benefits for the three individual plaintiffs, and order that they be reimbursed costs incurred in procuring equivalent coverage during the period after the complaint in this matter was filed.
Reversed.
NOTES
[1] The Agreement is denominated a Collective Bargaining Agreement, but that is incorrect. See N.J.S.A. 34:13A-5.3; see also New Jersey Tpk. Employees' Union, Local 194 v. N.J. Tpk. Auth., 64 N.J. 579, 581, 319 A.2d 224 (1974).
[2] The retiree had obtained a "special retirement" N.J.S.A. 43:16A-11.1 (1988) by purchasing service credits so as to meet the statutory requirement of twenty-five years of creditable service. However, at the time, N.J.S.A. 40A:10-23 required twenty-five years of service with the employer, which the retiree lacked. He thus did not meet statutory standards.
[3] We note that the Borough's determination to pay medical expense benefits remains a wholly discretionary one.