**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0429-24

MICHAEL M. MULLIGAN,

    Plaintiff-Respondent,

v.

COUNTY OF SALEM, and
CLERK OF THE BOARD OF
CHOSEN FREEHOLDERS,

    Defendants-Appellants.

_____

Submitted October 6, 2025 – Decided October 21, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0071-22.

Archer & Greiner, PC, attorneys for appellants (Nicholas Franchetti, on the briefs).

Michael M. Mulligan, respondent pro se.

PER CURIAM

This case involves whether a retired attorney who formerly provided years of services to a County is legally entitled to receive free medical coverage at the County's expense.

Defendants, the County of Salem and the Clerk of its Board of Chosen Freeholders[1] appeal the trial court's August 26, 2024 decision awarding summary judgment to plaintiff Michael M. Mulligan. Plaintiff is a retired attorney who held various positions with the County for sixteen years in the aggregate, which we describe in more detail in this opinion.

Plaintiff requested post-retirement benefits under the County's Retiree Health Insurance Policy ("the Policy") and the authorizing statute, N.J.S.A. 40A:10-23(a), asserting that he had accrued the requisite fifteen years of "service" with the County. The County denied his claim and deemed him ineligible for the benefits. This litigation ensued.

Although the parties substantially agree on many of the underlying facts, they disagree on whether plaintiff was eligible to receive the health coverage benefits under a legal interpretation of the Policy and the enabling statute. The

---

[1] For ease of discussion, we shall refer in this opinion to the co-defendants collectively as "the County."

A-0429-24

trial court, without an evidentiary hearing, concluded on summary judgment that plaintiff is entitled to the benefits.

On appeal, the County argues that plaintiff was a non-employee independent contractor for three of the sixteen years in question, and that the concept of "service" within both the Policy and the enabling statute requires benefits-eligible, actual "employment" of fifteen years. In addition, the County asserts the Policy required an employee seeking such benefits to retire during the last year of County employment, which did not occur here because plaintiff left his last position with the County, retired two years later and applied for the benefits one year after that.

Plaintiff contends that the term "service" within the Policy and statute encompasses all years of work he performed for the County. Hence, he maintains he should be considered a County employee even during the years it contends he was an independent contractor. Plaintiff argues that he met all other criteria of eligibility, and that it was arbitrary and capricious for the County to deny him the benefits.

For reasons that follow, we are constrained to reverse the trial court's determination of plaintiff's eligibility as a matter of law.

A-0429-24

We recognize there are genuine disputed issues as to whether plaintiff's status from 2013-2015, when he provided attorney services to the County pursuant to a contract, should be properly regarded as that of an "independent contractor" or, conversely, as an "employee" for purposes of the Policy and statute. If plaintiff was not a County employee during those three years, his aggregate service falls short of the fifteen-year minimum.

Nonetheless, we need not remand this case to have the record developed more fully concerning those particular years. That is because the Policy and the enabling statute implicitly and logically require an applicant (who has reached sixty-two, the age of eligibility) to retire during the applicant's last year of employment with the County. The eligibility provisions do not, as here, allow the applicant to leave employment with the County and then choose to retire at a later date.

I.

We begin our analysis with an overview of the enabling statute and the Policy delineating eligibility for post-retirement medical benefits.

The Statute

N.J.S.A. 40A:10-23(a), which applies to both municipal and county employers, confers upon such public entities the discretionary authority to

4

provide medical benefits to certain of their retired employees. The statute provides, in relevant part, that such an employer:

> may, in its discretion, assume the entire cost or a portion of the cost of such [health care insurance] coverage and pay all or a portion of the premiums for employees . . . who have retired and reached the age of 62 years or older with at least 15 years of service with the employer. . . . under uniform conditions as the governing body of the local unit shall prescribe.
>
> [N.J.S.A. 40A:10-23(a) (emphasis added).]

The term "service" is not defined in the statute. However, the term "employees" is defined within the subchapter with these exclusions:

> [The term "employees"] shall not include persons employed on a short-term, seasonal, intermittent or emergency basis, persons compensated on a fee basis or persons whose compensation from the employer is limited to reimbursement of necessary expenses actually incurred in the discharge of their duties.
>
> [N.J.S.A. 40A:10-16 (emphasis added).]

Although counties and municipalities are bound by the ages and lengths of service required for eligibility under the terms of N.J.S.A. 40A:10-23(a), those local governments have the discretion to craft policies with additional requirements ("uniform conditions") beyond those explicitly set forth in the statute. See, e.g., Gauer v. Essex Cnty. Div. of Welfare, 108 N.J. 140, 147-148 (1987) (observing that counties may draw distinctions among different types of

5

county employees to determine categories eligible for benefits under N.J.S.A. 40A:10-23(a)); Point Pleasant Borough PBA Loc. No. 158 v. Borough of Point Pleasant, 412 N.J. Super. 328, 338 (App. Div. 2010) (holding the municipal employer could not require an extra ten years of service above the statutorily prescribed maximum number of years to attain eligibility).

The County's Policy

Within its employee manual, the County sets forth a policy ("the Policy") that provides post-retirement health benefits to certain eligible retirees, as authorized by N.J.S.A. 40A:10-23(a). The Policy reads, in pertinent part, as follows:

> The County provides post-retirement medical health insurance and prescription benefits, provided the employee qualified for and has retired through the New Jersey Division of Pensions and Benefits under the Police and Fireman's Retirement System ("PFRS") or the Public Employment Retirement System ("PERS") and meets at least one of the following requirements:
>
> (a) Retirement on a disability pension; or
>
> (b) Retirement with 25 years or more of service in a state or locally administered retirement system and at least 15 years of service with the County of Salem; or
>
> (c) Retirement at age 62 or older with at least 15 years of service with the County of Salem; or

(d) Retirement with 25 years or more of service credit in a state or locally administered retirement system, provided the retiring employee was employed by Salem County as of August 1, 1991.

[(Emphasis added).]

The term "service" is not defined within the Policy, nor in any of the surrounding provisions in the manual. As with the statute, however, the Policy seems to contemplate that the applicant's service must have been performed as an "employee" of the County.

The Policy makes no reference to independent contractors who may, pursuant to contract terms, perform and be paid for services they periodically furnish to the County. The Policy is also silent as to whether part-time employees are eligible.

## II.

The relevant factual background is as follows.

Plaintiff graduated from law school in 1986, was admitted to the bar in 1987 and began practicing in a local law firm. He continued to work in private practice at that firm while simultaneously providing non-exclusive legal services

A-0429-24

to local entities such as the County.[2]

Plaintiff's first recorded employment with the County was in 1995 when he was employed for one year as a solicitor. According to his deposition testimony, from 1996 to 1997, plaintiff worked for the County as an assistant county counsel and, later, as the county adjuster simultaneously.

In 1998, plaintiff was appointed Salem County Counsel, a position which was then part-time and had a three-year term. He held the County Counsel position for two successive terms for a total of six years. Plaintiff also was the county adjuster simultaneous to his first tenure as County Counsel. By plaintiff's description, the adjuster role was minor with a "negligible" salary that did not involve legal work. In 2003, plaintiff was not reappointed to the County Counsel position for a third term.

In 2013, plaintiff began doing work for the County again, this time under a professional services contract for a period of one year. Although the position on the contract was listed as "County Counsel", in his deposition plaintiff testified that he was actually working as a "Special Counsel".

---

[2] The only time plaintiff apparently was not simultaneously practicing law privately along with his work for the County was when he held the position of County Counsel on a full-time basis from 2016-2018.

Plaintiff apparently was awarded two more yearly professional services contracts in 2014 and 2015, although those particular contracts are not found in the appendix.

Plaintiff was again appointed as the county adjuster in 2015, although the County characterizes that appointment as being through a professional services contract.

In 2016, plaintiff was appointed as County Counsel for another three-year term. Since the time that plaintiff had last occupied it, the position had become a full-time role which entitled him to medical benefits while he held the position. This three-year term was the only position in which plaintiff worked full-time for the County and was eligible for benefits.

In 2019, although his term as County Counsel was over, plaintiff was appointed as the county adjuster again. According to the County he left this position in 2019, at the age of fifty-nine. This was the last alleged year of plaintiff's employment with the County.

The above chronology is encapsulated in the following chart[3]:

Michael Mulligan's Employment with the County of Salem

---

[3] The chart slightly varies from the chart presented in the trial court's opinion, which we have modified for accuracy to the record.

| Year(s) | Status | Title | Health Benefits |
|---|---|---|---|
| 1995 | Part-Time | Solicitor | No |
| 1996-1997 | Part-Time | Assistant County Counsel, Adjuster | No |
| 1998-2003 | Part-Time | County Counsel | No |
| 2013-2015 | "Professional Services Contract" | Special Counsel, Adjuster | No |
| 2016-2018 | Full-Time | County Counsel | Yes |
| 2019[4] | Part-Time | Adjuster | No |

Plaintiff's Retirement and His Assertion of a Claim to Benefits Under the Policy

On September 1, 2021, more than two years after his last position with the County ended, plaintiff retired through PERS and began receiving a monthly pension. Plaintiff was eligible for PERS retirement benefits based on his eligible work for "numerous governmental entities" from 1987 to 2005, including seven years with the County. The last year he received credit under PERS was 2005.

---

[4] Records in the appendix reflect that plaintiff was awarded litigation contracts with the County in 2020 and 2021. Neither of the parties includes those two years as part of plaintiff's aggregate years of employment with the County.

In April 2022, plaintiff submitted a letter to the County's personnel director, formally requesting retiree benefits under the Policy. He attested that he recently turned sixty-two in March 2022 and that he had accumulated at least fifteen years of service with the County.

The personnel director responded with a letter on April 25, 2022, denying plaintiff's request. The chief reasons she gave for the denial were: (1) plaintiff's "separation status" from the County was "[d]iscontinuation of an [u]nclassified [a]ppointment, not [r]etirement"; (2) during his last year with the County in 2019, plaintiff worked part-time and was not eligible for health benefits; and (3) plaintiff's aggregate years of service with the County were under fifteen years because his "time worked as a vendor does not count toward [his] years of employment."

In a certification later submitted to the trial court, the personnel director attested that, under the County's interpretation, the Policy required applicants "to have at least 15 years of full-time employment with Salem County in which the employee was eligible for health insurance benefits." She further attested that the County consistently applied these criteria "to all applicants seeking post-retirement health benefits."

11

Procedural History

In May 2022, plaintiff, pro se, filed the present mandamus action against the County in the Law Division, seeking an order to compel the County to provide him with post-retirement medical benefits. The County filed an answer denying plaintiff's claims, asserting he is ineligible. In 2022, both parties moved for summary judgment; the motions were denied without prejudice as premature because discovery had not yet closed.

In 2024, the parties renewed their competing motions for summary judgment. After hearing oral argument and reserving decision, the trial court issued a written memorandum opinion and corresponding order on August 26, 2024, granting plaintiff's motion. Specifically, the court reasoned that plaintiff had indisputably "filed for and was granted [a] retirement pension through PERS at age 62," and "had served at least 15 years prior to retirement and was service was with Salem County in the various capacities of County Counsel, solicitor, adjuster and otherwise." The court rejected the reasons for rejection expressed by the County, noting the County's Policy "does not contain other limiting language which could have been authorized 'under uniform conditions' by N.J.S.A. 40A:10-23."

The court directed the County to provide the medical benefits to plaintiff

12

in accordance with the decision, but declined to order retroactive benefits because the County's "original rejection was not made in bad faith and was consistent with the intentions of the statute and [G]overnor[']s encouragement at the time."

### III.

On appeal, the County presents several arguments for reversal, generally reiterating its position that plaintiff is not entitled to post-retirement benefits under the statute and the Policy. We need only address two of them: (1) whether plaintiff accumulated the requisite fifteen years of aggregate service with the County, and (2) whether plaintiff is ineligible because he was not employed by the County when he retired in 2021.

In reviewing these arguments that entail questions of statutory interpretation and legal eligibility, we review the trial court's analysis de novo. State v. Revie, 220 N.J. 126, 132 (2014); Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002).

The County's first argument concerning plaintiff's alleged non-attainment of the fifteen-year aggregate years of service hinges critically upon the legal classification of the three years from 2013 through 2015 when plaintiff furnished legal services to the County pursuant to a professional service contract. We

A-0429-24

concur with the County that the statute and its Policy must be reasonably construed to require that an applicant for these benefits have fifteen or more years of "employment" with the County. As noted above, both the statute and Policy use the term "employee" to refer to the person who provided services. The ordinary meaning of an 'employee" connotes that the employer has a degree of control over the service provider and the provider lacks the autonomy of an independent contractor. Compare Black's Law Dictionary 661 (12th ed. 2024) (defining "employee") with Black's Law Dictionary 917 (12th ed. 2024) (defining "independent contractor").

We need not resolve here whether plaintiff's years of part-time employment with the County should be counted towards the fifteen-year minimum. Nothing within N.J.S.A. 40A:10-23(a) addresses whether part-time employment qualifies. In addition, as the trial court pointed out, the County's Policy contains no explicit exclusion of part-time employment periods. Although we can envision policy reasons for why occasional part-time public employment might not be counted towards lifetime post-retirement medical benefits funded by taxpayers. we need not resolve that issue in this opinion. As we noted above, if plaintiff's three years of service under the professional services contracts are not counted, simple arithmetic demonstrates that plaintiff

14                                                              A-0429-24

does not meet the fifteen-year aggregate minimum.

The existing record, unfortunately, is murky on the exact characteristics of plaintiff's three years of services under the professional services contract. The trial court made no findings on the subject. We decline to deem conclusive plaintiff' reliance on a non-dispositive Internal Revenue Service ("IRS') audit in 2013 that concluded plaintiff was more properly regarded as an employee rather than as an independent contractor at that time for federal tax purposes. The court has not applied any of the multi-factor legal tests used to discern an employee from an independent contractor. See, e.g., N.J.S.A. 43:15A-7.2(b) (prescribing that independent contractor status is discerned by IRS policies); Francois v. Bd. of Trs., 415 N.J. Super. 335, 350-351 (App. Div. 2010) (finding the appropriate IRS test to use is the Rev. Rul. 87-41 twenty-factor test). The record before us is insufficient to make that evaluation in the first instance. At the very least, there are significant questions regarding plaintiff's required status as an employee for those particular years.

That said, we can adjudicate the appeal based on the County's second argument: i.e., that plaintiff is ineligible because he did not retire at a time when he was employed by the County and was then eligible for health care benefits. Instead, he was not then eligible as a part-time County employee to receive

15

health benefits. Moreover, he waited two more years to retire. The terms of the statute and the Policy support the County's legal position.

The County represents that it has consistently interpreted the Policy to mean that applicants must "retire from the County directly" and have their last year of employment be with the County. It urges this court to "'give deference to a municipality's informed interpretation of its ordinances.'" DePetro v. Twp. of Wayne Plan. Bd., 367 N.J. Super. 161, 174 (App. Div. 2004). We do so here.

Notably, plaintiff has not directly responded to the County's argument about the meaning of "retirement" in his brief, but he simply reiterates that he met the requirements of the Policy by retiring "from PERS".

Read in context, N.J.S.A. 40A:10-23(a) conveys a premise that an employee seeking medical benefits under the statute would retire from the county or municipal employer. In particular, Governor Thomas Kean's veto statement in 1985 when the statute was amended, raised a concern that the initial version of the statute, which did not specify fifteen years of service with one employer, "could result in an inequitable cost for a participating local governmental employer who is the last of several employers during an employee's career in public service". Governor's Reconsideration and Recommendation Statement to A.1821 (Apr. 15, 1985) (emphasis added). The

16

Governor's observation contemplated the employer that would be paying post-retirement benefits to an eligible applicant would be the last employer who the applicant had been working for at the time of retirement.

Here, when plaintiff retired in 2021 he was a former employee of the County, not a current one. Although his "career in public service" apparently ended when he left the County's employment in 2019, he did not retire until 2021, two years later. The nexus between his public service with the County and his employment status had dissipated or, as the County's personnel director reasonably described it, in 2019 plaintiff "discontinued" his service with the County; he did not at that time "retire" from it.

Furthermore, the opening paragraph of the Policy instructs that an "employee" applying for benefits must qualify for and retire through PERS. (emphasis added). This conveys an assumption that eligible applicants under the Policy would retire while they are active "employees" with the County. The County's interpretation is aligned with the legislative history of the enabling statute and is supported by a fair reading of the Policy. See DePetro, 367 N.J. Super. at 174 (recognizing that, within de novo review, a public entity's interpretation of its own ordinance is entitled to a degree of deference). We can readily envision the potential disruption and burden on the County if departing

17

employees did not retire upon their departure and many years later declare they are now retired and demand the healthcare benefits.

In sum, we are constrained to conclude as a matter of law that plaintiff is not eligible under the statute and the Policy to receive lifetime medical benefits at the County's expense. Although we appreciate the trial court's sensitivity to equitable considerations, the terms of the statute and the Policy must be enforced. We do recognize plaintiff's years of work for the public and nothing in this opinion affects the PERS pension he earned and is being paid.

Consequently, we reverse the trial court's entry of summary judgment in favor of plaintiff and direct the court to enter summary judgment for defendants. That said, we defer to the trial court's sound discretion in determining whether to require any benefits already provided to plaintiff since its August 2024 order to be repaid or left intact. The trial court may also determine whether other transitional measures to enable plaintiff reasonable time to secure replacement coverage are warranted.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0429-24